GERBER, J.
The circuit court’s final summary judgment removed the appellant as the personal representative of the decedent’s ancillary estate and replaced her with the decedent’s wife. The court reasoned that the wife had preference to become the personal representative. We affirm.
The decedent was survived by his wife and four adult children from a prior marriage. He died intestate, that is, without a will. The probate of his estate occurred in his domicile of Venezuela. A Venezuelan court entered a judgment finding that his wife and children were the sole heirs of his estate. The face of the judgment, however, makes no further findings and does not appoint a personal representative for the estate.
A portion of the decedent’s estate included cash and real property in Florida. The children hired an attorney to file a petition for ancillary administration in the circuit court. The petition sought to appoint the children’s attorney as the ancillary personal representative. The circuit court issued letters of administration to that effect. The children’s attorney sent the wife a notice of administration of the ancillary estate.
The wife then filed a petition requesting the circuit court to revoke the letters of administration and to appoint her as the ancillary personal representative. The wife argued that the children’s attorney *567 did not serve her with formal notice of the petition for ancillary administration, and that, as the surviving spouse, she was entitled to a statutory preference of appointment as the ancillary personal representative.
The children’s attorney filed a response to the petition. The response primarily argued that the Venezuelan court effectively found the children to be the majority heirs of the decedent’s estate and, therefore, gave the children the right to appoint the ancillary personal representative. The response further argued that, because the wife did not appeal the Venezuelan judgment, the wife was collaterally estopped from asserting her claim as the ancillary personal representative. The response also argued that the wife was unfit to serve as the ancillary personal representative because she was hostile to the children as the estate’s majority heirs.
The wife later moved for summary judgment on her petition. The children’s attorney opposed the motion by relying on the affidavits of Venezuelan attorneys who provided their opinions on the effect of the Venezuelan judgment. The attorneys stated that, under Venezuelan law, the majority of the heirs decide whom to appoint as personal representative of any ancillary proceedings.
The circuit court granted the wife’s motion for summary judgment. The court found that, according to Florida law, the wife, as the surviving spouse, had preference to become the ancillary personal representative, and that the children’s attorney failed to serve the wife with formal notice of the petition for ancillary administration before being appointed as the personal representative. The court revoked the letters of administration appointing the children’s attorney as the ancillary personal representative, and issued letters of administration appointing the wife as the ancillary personal representative.
This appeal followed. The children’s attorney raises four arguments on appeal: (1) the Venezuelan judgment and its effect should govern the estate pursuant to the doctrine of comity; (2) if Florida law applies, it allows the children, as the majority heirs, to have preference in appointing the ancillary personal representative; (8) the wife did not present any evidence that she did not receive notice of the petition for ancillary administration; and (4) the wife’s fitness to serve as the ancillary personal representative presented a question of material fact.
The arguments of the children’s attorney require us to review both a summary judgment and the Florida statutes governing ancillary administration and the appointment of personal representatives. Therefore, our review is de novo. See Don King Prods., Inc. v. Walt Disney Co., 40 So.3d 40, 44 (Fla. 4th DCA 2010) (“Our review of an order granting summary judgment is de novo.”); J.A.B. v. State, 25 So.3d 554, 557 (Fla.2010) (“Questions of statutory interpretation are subject to de novo review.”).

The Doctrine of Comity

In support of the argument that the Venezuelan judgment and its effect should govern the estate pursuant to the doctrine of comity, the children’s attorney cites Nahar v. Nahar, 656 So.2d 225 (Fla. 3d DCA 1995), for two principles: (1) “[ajdministration of an estate is governed by the law of the decedent’s domicile”; and (2) “[wjhere a party has had notice and opportunity to be heard and the foreign court has satisfied Florida’s jurisdictional and due process requirements[,] their orders will be entitled to comity.” Id. at 229-30.
We agree with those principles. However, those principles are of limited *568 value here. Here, the Venezuelan judgment merely found that the decedent’s wife and children were the sole heirs of his estate. The Venezuelan judgment did not appoint a personal representative for the decedent’s estate or address the administration of the decedent’s ancillary estate. Although the children’s attorney presented affidavits of Venezuelan attorneys who provided their opinions on the effect of the Venezuelan judgment, we find that those opinions, unlike the judgment itself, are not entitled to comity. The opinions were conclusory in nature and do not cite to any Venezuelan statute, rule, or case law in support of the opinions. Given that review, we find that the circuit court had the discretion to administer the decedent’s ancillary estate according to Florida law.
The facts of Naltar support our conclusion. There, the decedent was a resident of Aruba, but had bank accounts and real estate in Miami. Just after the decedent’s death, his wife withdrew the balances from several of the bank accounts. The decedent’s children filed a petition in Aruba to have the decedent’s bank accounts, but not the real estate, administered in Aruba under controlling Dutch law. The Aruban court ordered the wife to deposit the money from the bank accounts with a neutral party pending settlement of the estate. The wife failed to comply with the order. The children then petitioned for ancillary administration in a Florida circuit court, seeking to have the money from the bank accounts transferred to Aruba pursuant to Dutch law. The circuit court ultimately entered a summary judgment ordering the wife to deliver the money to the decedent’s estate in Aruba to be disposed of in accordance with Dutch law. The wife appealed.
The third district affirmed the majority of the summary judgment ordering the delivery of money to Aruba. The third district reasoned that
[A]ny foreign decree should be recognized as a valid judgment, and thus be entitled to comity, where the parties have been given notice and the opportunity to be heard, where the foreign court had original jurisdiction and where the foreign decree does not offend the public policy of the State of Florida.
Nahar, 656 So.2d at 229. However, the third district found that the circuit court erred in failing to specifically address the real estate in the summary judgment. The third district reasoned that
While [the decedent’s] personal and intangible property may be governed by the judgment of the Aruba court, the Miami real estate may be subject to a different result. We remand this matter to the [circuit] court to resolve any issues regarding the disposition of the Miami real estate in the first instance.
Id,, at 230 (emphasis added).
We interpret the third district’s holding regarding the real estate to stand for the proposition that, where a decedent’s estate being administered in a foreign court does not resolve the disposition of a Florida asset, a Florida court has the power to resolve that disposition in the first instance through an ancillary administration. We reject the children’s attorney’s position that the third district’s holding regarding the real estate turned merely on the fact that the asset was real estate as opposed to personal and intangible property.

Florida Ancillary Administration

In support of the argument that the children, as majority heirs, have preference in appointing the personal representative according to Florida law, the children’s attorney relies on section 734.102, Florida Statutes (2008), entitled “Ancillary administration”:
(1) If a nonresident of this state dies leaving assets in this state, ... a person *569 al representative specifically designated in the decedent’s will to administer the Florida property shall be entitled to have ancillary letters issued, if qualified to act in Florida. Otherwise, the foreign personal representative of the decedent’s estate shall be entitled to have letters issued, if qualified to act in Florida. If the foreign personal representative is not qualified to act in Florida and the tvill names an alternate or successor who is qualified to act in Florida, the alternate or successor shall be entitled to have letters issued. Otherwise, those entitled to a majority interest of the Florida property may have letters issued to a personal representative selected by them who is qualified to act in Florida. If the decedent dies intestate and the foreign personal representative is not qualified to act in Florida, the order of preference for- appointment of a personal representative as prescribed in this code shall apply. ...
[[Image here]]
(4) ... All proceedings for appointment and administration of the estate shall be as similar to those in original administrations as possible.
§ 734.102, Fla. Stat. (2008) (emphasis added).
Highlighting the italicized sentences from subsection (1) above, the children’s attorney argues that, in this case, there was no “foreign personal representative ... qualified to act in Florida,” and there was no will to name an “alternate or successor who is qualified to act in Florida.” Therefore, according to the children’s attorney, “those entitled to a majority interest in the Florida property,” that is, the children here, were entitled to “have letters issued to a personal representative selected by them who is qualified to act in Florida.” The children’s attorney further argues that such an interpretation of subsection (1) would be consistent with subsection (4)’s insistence that “[a]ll proceedings for appointment and administration of an estate shall be as similar to those in original administrations as possible.” According to the children’s attorney, appointing the children’s selection of personal representation would be similar to the original administration in Venezuela because the Venezuelan court effectively found the children to be the majority heirs of the decedent’s estate.
We disagree with children’s attorney’s interpretation of subsection (1). Subsection (l)’s first four sentences all address a situation in which the decedent dies testate, that is, with a will. Subsection (l)’s fifth sentence (underlined above) is the only sentence which addresses what occurs “[i]f the decedent dies intestate.” In that situation, “the order of preference for appointment of a personal representative as prescribed in this code shall apply.” As the circuit court found, that language directs us to section 733.301(l)(b), Florida Statutes (2008), which provides that, in granting letters of administration in intestate estates, the order of preference is “[t]he surviving spouse” followed by “[t]he person selected by a majority in interest of the heirs.” Such an interpretation does not conflict with subsection (4)’s insistence that “[a]ll proceedings for appointment and administration of an estate shall be as similar to those in original administrations as possible.” Here, the original administration did not involve the appointment of any personal representative, so appointing the wife as the ancillary personal representative does not conflict with the original administration.

Summary Judgment Procedures

In support of the argument that the circuit court procedurally erred in entering summary judgment, the children’s *570 attorney argues that the wife did not present any evidence that she did not receive notice of the petition for ancillary administration. We find it was not necessary for the wife to do so. Florida Probate Rule 5.470(b)(1) (2008) requires that “[bjefore ancillary letters shall be issued to any person, formal notice shall be given to ... all known persons qualified to act as ancillary personal representative and whose entitlement to preference of appointment is equal to or greater than petitioner’s and who have not waived notice or joined in the petition.” Here, the wife was a known person qualified to act as ancillary personal representative and whose entitlement to preference of appointment was greater than that of the children’s attorney. Thus, she was entitled to formal notice of the petition for ancillary administration before the ancillary letters were issued to the children’s attorney. No such formal notice or waiver of notice appears in the record. We do not consider it necessary for the wife to have filed an affidavit indicating that she did not receive formal notice when that fact is apparent by its undisputed absence from the record.
In further support of the argument that the circuit court proeedurally erred in entering summary judgment, the children’s attorney argues that the wife’s fitness to serve as the ancillary personal representative presented a question of material fact. We find that the children’s attorney did not preserve this argument for review. Although the children’s attorney pled that the wife was unfit to serve as the ancillary personal representative because she was hostile to the children as the estate’s majority heirs, the children’s attorney did not present any evidence to that effect in opposition to the motion for summary judgment, nor did the children’s attorney request the opportunity to do so on that issue. Rather, for the first time on appeal, the children’s attorney argues that the circuit court should have conducted an evidentiary hearing on the wife’s fitness to serve as the ancillary personal representative. Because the children’s attorney did not present the circuit court with any evidence as to the wife’s alleged unfitness and did not request an evidentiary hearing on that issue, the children’s attorney failed to preserve this argument for appellate review. See Aills v. Boemi, 29 So.3d 1105, 1109 (Fla.2010) (“ ‘In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.’ ”) (citation omitted).

Affirmed.

MAY and DAMOORGIAN, JJ., concur.