# Third District Court of Appeal
## State of Florida

Opinion filed September 14, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1761
Lower Tribunal No. 21-360
_____


**Joelle Verbois Adenin,**
Appellant,

vs.

**In re: Estate of Jean Claude M. Adenin,**
Appellee.


An appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Feiler & Leach, P.L., and Martin E. Leach, and Jonathan M. Drucker, P.A., and Jonathan M. Drucker, for appellant.

Young, Berman, Karpf & Karpf, P.A., and Andrew S. Berman, for appellee.


Before LOGUE, LINDSEY, and MILLER, JJ.

MILLER, J.

Appellant, the widow of the decedent, challenges a final order dismissing her petition for orders of administration for lack of jurisdiction and improper venue. The petition alleged the decedent was a domiciliary of Florida and died intestate. Neither allegation proved correct, and it was revealed that a will, purportedly executed by the decedent days before his death, had been submitted for probate in North Carolina. Contending two luxury vehicles, pending estate-related lawsuits, and the decedent's personal effects were all located in Florida, appellant orally sought to invoke ancillary jurisdiction. Ancillary administration is strictly circumscribed by statute and rule, and here, appellant failed to comply with either the procedural or substantive requirements. See § 733.101(b), Fla. Stat. (2021); § 734.102, Fla. Stat. (2021); Fla. Prob. R. 5.470. Accordingly, we affirm the order under review without prejudice to the filing of a proper petition for ancillary administration. See Piloto v. Lauria, 45 So. 3d 565 (Fla. 4th DCA 2010).

Affirmed.