PER CURIAM.
In this appeal, appellant Ted Doukas challenges a prevailing party attorney’s fee judgment. While Doukas raises myriad challenges to the judgment, we find merit in only one of his arguments — the judgment’s lack of required Rowe[1] findings— and write solely to address this issue.
In May of 2009, Quantum Partners, Inc. and Ted Doukas filed suit against Facilities Development Corporation (FDC) and David and Patricia Frederick, seeking to recover the balance of the premium allegedly owed for a payment and performance bond. After obtaining a favorable final *304 summary judgment on the claims, FDC and the Fredericks sought prevailing party attorney’s fees from both Quantum Partners and Doukas, relying upon a fee provision in the General Agreement of Indemnity and section 627.428, Florida Statutes. Ultimately, FDC and the Fredericks settled with Quantum Partners, electing to pursue their claim for fees solely against Doukas.
Counsel for FDC and the Fred-ericks submitted affidavits seeking a total award for fees and costs of $141,962.64 ($120,056.52 in the first affidavit and $21,906.12 in the supplemental affidavit). The trial court awarded a reduced sum of $117,992.52. The only finding in the judgment to substantiate the award is a statement that “[t]he Court finds that the time spent by said attorneys and the hourly rates charged by said attorneys are reasonable.” This is insufficient. “The law is well established that the trial court must set forth specific findings concerning the hourly rate, the number of hours reasonably expended and the appropriateness of reduction or enhancement factors.” Powell v. Powell, 55 So.3d 708, 709 (Fla. 4th DCA 2011) (citing Rowe, 472 So.2d at 1151). The presence of competent, substantial evidence to support the award does not obviate the need for the findings. Id. “Where there is nothing in the trial court’s order that allows the appellate court to discern whether ... [the Rowe ] factors were considered in determining a reasonable attorney’s fee, a fee award simply taking the amount charged by the attorney and determining it to be reasonable is improper and an abuse of discretion.” Campbell v. Campbell, 46 So.3d 1221, 1223 (Fla. 4th DCA 2010); see also Voronin v. Voronina, 995 So.2d 1049, 1050 (Fla. 2d DCA 2008) (recognizing fee judgment without Rowe findings is fundamentally erroneous on its face and subject to reversal regardless of preservation). While we affirm the trial court’s decision to award attorney’s fees, we are compelled to reverse the fee judgment and remand the matter so that the trial court may make the necessary findings.

Reversed and Remanded.

STEVENSON, TAYLOR and CIKLIN, JJ., concur.

. Fla. Patient’s Comp. Fund v. Rowe, 472 So.2d 1145 (Fla.1985).