DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*January Term 2014*

**SHEILA DIWAKAR,**
Appellant,

v.

**MONTECITO PALM BEACH CONDOMINIUM ASSOCIATION, INC.,**
Unknown Tenant #1, Unknown Tenant #2, and **MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.,** as Nominee for
**METROCITIES MORTGAGE, LLC,**
Appellees.

No. 4D13-915

[July 2, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Diana Lewis, Judge; L.T. Case No. 502008CA040876XXXXMBAW.

Richard W. Glenn of the Law Office of Richard W. Glenn, Palm Beach Gardens, for appellant.

Josef M. Fiala of St. John Rossin Podesta Burr & Lemme, PLLC, West Palm Beach, for appellee Montecito Palm Beach Condominium Association, Inc.

CIKLIN, J.

Sheila Diwakar appeals the final judgment of foreclosure and an award of attorneys' fees and costs entered in favor of Montecito Palm Beach Condominium Association, Inc. ("the Association"). She raises six issues on appeal, two of which have merit and which we therefore discuss. First, Diwakar contends the trial court erred in awarding attorneys' fees in the absence of competent, substantial evidence supporting the award. We agree and reverse the award of fees. Because of the unique circumstances surrounding the issue of fees, we also remand for additional evidence to be taken on attorneys' fees. Second, Diwakar argues the court erred by entering a judgment for delinquent monthly maintenance assessments in an amount the evidence does not appear to support. With this we also agree, and we reverse and remand for the trial court to modify the

judgment or explain how the evidence supports the amount reflected in the final judgment.

In December 2008, the Association filed its complaint, seeking to foreclose its claim of lien for unpaid regular and special assessments. In addition to foreclosure, the Association sought pre-judgment interest and the fees and costs it incurred in enforcing its power to levy assessments.

During trial, the Association presented the testimony of only one witness with respect to attorneys' fees and costs. The witness, Danielle Schultz, was a paralegal for the law firm representing the Association. Schultz testified regarding the amount due as reflected on a September 2008 claim of lien letter sent to Diwakar by the law firm. According to Schultz, the portion of the amount due representing attorneys' fees was based on "preparing the claim of lien and the claim of lien letter, which was $336." Schultz testified that she prepared Diwakar's account history, which was admitted into evidence. The account history reflected that attorneys' fees owed on the Diwakar account totaled $45,694.50. The account history provided dates of billings and amounts but included no substantive information as to how the fees were incurred. The total amount of attorneys' fees reflected in the account history matched the amount provided in an affidavit filed by one of the Association's attorneys prior to trial. The affidavit, however, was not admitted into evidence during trial and there was no mention or discussion of the affidavit during Schultz's testimony. Schultz testified that as of the date the account history was prepared, October 5, 2012, $40,094 in attorneys' fees were charged on Diwakar's account. Two account ledgers were admitted into evidence. These showed a history of financial transactions related to Diwakar's account, and it appears they were prepared by the Association. One of the ledgers reflected that Diwakar was billed $141.64 in July 2008 for attorneys' fees, but no other information was provided about the fees.

In January 2013, the court found in favor of the Association and directed the Association's attorney to prepare a proposed final judgment. The court stated, "The foreclosure judgment that was submitted by [the Association] needs to be revised with updated numbers, they are all the way back to October." The written final judgment provided that Diwakar owed $20,976.12 in "Delinquent Monthly Maintenance Assessments through January 31, 2013." That amount did not include late fees and interest which were provided for separately in the final judgment.

We first address Diwakar's argument that the award of attorneys' fees was not supported by competent, substantial evidence. The standard of review of an award of attorneys' fees is abuse of discretion. *Glantz &*

*Glantz, P.A. v. Chinchilla*, 17 So. 3d 711, 713 (Fla. 4th DCA 2009) (citations omitted). "We will uphold a trial court's award of attorneys' fees so long as it is supported by substantial, competent evidence." *Effective Teleservices, Inc. v. Smith*, 132 So. 3d 335, 341 (Fla. 4th DCA 2014) (citation omitted).

> An award of attorney's fees must be supported by substantial competent evidence and contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved. Additionally, the award must be supported by expert evidence, including the testimony of the attorney who performed the services.

*Tutor Time Merger Corp. v. MeCabe*, 763 So. 2d 505, 506 (Fla. 4th DCA 2000) (citations omitted). "Competent evidence includes invoices, records and other information detailing the services provided as well as the testimony from the attorney in support of the fee." *Brewer v. Solovsky*, 945 So. 2d 610, 611 (Fla. 4th DCA 2006) (citations omitted).

To the extent Diwakar argues on appeal that the attorneys' fee award was erroneous in the absence of testimony from a fees expert plus the attorney who performed the work, the argument was waived when Diwakar failed to object at trial. *See DM Records, Inc. v. Turnpike Commercial Plaza, Phase II, Condo. Ass'n*, 894 So. 2d 1030, 1031 (Fla. 4th DCA 2005) (finding the requirement that counsel performing the work testify was waived where attorney's affidavit was admitted, an expert testified based on it, and there was no objection); *Simhoni v. Chambliss*, 843 So. 2d 1036, 1037 (Fla. 4th DCA 2003) (noting that "appellant did not object to appellee's failure to call an expert at the fees hearing, thereby failing to preserve that issue for appellate review"). However, Diwakar's argument that there was simply no competent, substantial evidence to support the award may be raised for the first time on appeal. *See* Fla. R. Civ. P. 1.530(e) ("When an action has been tried by the court without a jury, the sufficiency of the evidence to support the judgment may be raised on appeal whether or not the party raising the question has made any objection thereto in the trial court or made a motion for rehearing, for new trial, or to alter or amend the judgment.").

"Generally, when the record on appeal is devoid of competent substantial evidence to support the attorney's fee award, the appellate court will reverse the award without remand for additional evidentiary findings." *Tutor Time Merger Corp.*, 763 So. 2d at 506 (citations omitted). "However, when the record contains some competent substantial evidence supporting the fee or cost order, yet fails to include some essential evidentiary support such as testimony from the attorney performing the

services, or testimony from additional expert witnesses, the appellate court will reverse and remand the order for additional findings or an additional hearing, if necessary." *Rodriguez v. Campbell*, 720 So. 2d 266, 268 (Fla. 4th DCA 1998) (citations omitted).

Here, the Association did not present any evidence of the reasonableness of the fees, even though it listed an expert on that issue in its pre-trial witness list. While there was meager evidence as to a fraction of the work performed, the account history Schultz relied upon did not provide any detail regarding the identity of the timekeeper, the hours worked, or the work performed.

On appeal, the Association relies on "updated" affidavits filed after the trial concluded and the court had announced its ruling. However, no affidavits were introduced at trial. With regard to the affidavits filed in the case during the course of litigation, there was no mention of these affidavits by Schultz. *See State v. Caldwell*, 388 So. 2d 640, 641 (Fla. 1st DCA 1980) (finding court did not err in considering affidavit not in evidence where the parties treated it as though it was entered into evidence and the testimony regarding attorneys' fees was based on the affidavit).

Because the evidence was insufficient, we reverse the award of attorneys' fees and costs. However, we also remand for the trial court to take additional evidence. The record reflects that prior to trial, the Association filed the affidavits of the fees expert and an attorney who represented the Association. The affidavit of the attorney included detailed entries regarding hours worked and the work performed, and the multiple timekeepers are identified by numbers. For some unknown reason, the Association did not introduce the affidavits or the testimony of the expert and the timekeeping attorneys at trial. However, the amount of attorneys' fees testified to by Schultz matched the amount in the attorney's affidavit. Also unclear is why Diwakar did not object to Schultz's testimony in light of the Association's failure to introduce into evidence the affidavits and the affiants' testimony. All of these circumstances leave us to wonder whether there was some understanding, not memorialized on the record, that the filed affidavits could be relied on by the court. Based on the record before us, we remand for the court to take additional evidence on attorneys' fees and costs.

Diwakar also argues on appeal that the amount awarded for delinquent assessments is not supported by the evidence. Specifically, she takes issue with the portion of the judgment awarding $20,976.12 for delinquent monthly maintenance assessments. According to Diwakar, the amount she owed for the regular monthly assessments, accruing from July 2010

4

through January 2013, was $13,602.20. We review the trial court's factual findings for competent substantial evidence. *Siewert v. Casey*, 80 So. 3d 1114, 1116 (Fla. 4th DCA 2012) (citation omitted).

We have reviewed the record and cannot find justification for the $20,976.12 awarded for delinquent monthly maintenance assessments. The account history, coupled with the testimony of the Association's manager, established that Diwakar was current on her monthly maintenance assessments through June 2010. While Schultz testified that as of October 5, 2012, Diwakar owed $19,755.11 for delinquent monthly maintenance assessments, the actual account history showed that for the assessments billed from July 2010 to October 2012, Diwakar owed $12,389. Even if Diwakar owed additional assessments between October 5, 2012 and the date the judgment was entered in January 2013, the amount could not have increased to more than $14,000. It does not appear that the record supports the larger figure.

We reverse and remand for the trial court to modify the judgment amount or explain how the evidence supports the amount reflected in the judgment.

*Affirmed in part, reversed in part, and remanded with directions.*

MAY and LEVINE, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***