DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRUCE FREIMAN,**
Appellant,

v.

**NATIONAL CITY MORTGAGE CO.,**
Appellee.

No. 4D13-2935

[July 15, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Roger B. Colton, Judge; L.T. Case No. 502008CA029678XXXXMB.

Kendrick Almaguer and Michael Vater of The Ticktin Law Group, P.A., Deerfield Beach, for appellant.

Suzanne Youmans Labrit of Shutts & Bowen, LLP, Tampa, and Edward J. O'Sheehan of Shutts & Bowen, LLP, Fort Lauderdale, for appellee.

DAMOORGIAN, J.

Appellant, Bruce Freiman, appeals a final judgment of foreclosure entered in favor of National City Mortgage Co. ("the Bank") following a bench trial. On appeal, Appellant takes issue with the evidence establishing the Bank's standing to foreclose, compliance with conditions precedent, and attorney's fees. We reverse the portion of the final judgment awarding the Bank its attorney's fees, and affirm in all other respects without further comment as to Appellant's remaining arguments.

This matter was resolved at a bench trial held in June of 2013. At the trial, the Bank's only witness was its default litigation coordinator and mortgage officer who testified as to Appellant's loan and payment history and the Bank's business and loan practices. The witness did not offer any testimony regarding the attorney's fees incurred by the Bank foreclosing Appellant's mortgage nor did the Bank introduce any affidavits or other evidence establishing its fees. At the conclusion of the trial, the parties presented the court with their respective proposed final judgments. The Bank's proposed judgment contained a line item for 176.40 hours of

attorney work totaling $43,530.50. After taking the matter under advisement, the court entered the Bank's proposed judgment without modifying the fee award.

"The standard of review of an award of attorneys' fees is abuse of discretion." *Diwakar v. Montecito Palm Beach Condo. Ass'n, Inc.*, 143 So. 3d 958, 960 (Fla. 4th DCA 2014). "'We will uphold a trial court's award of attorneys' fees so long as it is supported by substantial, competent evidence.'" *Id.* (quoting *Effective Teleservices, Inc. v. Smith,* 132 So. 3d 335, 341 (Fla. 4th DCA 2014)).

The Bank concedes that it did not submit sufficient evidence supporting the court's fee award, but argues that we should remand for additional proceedings to determine its entitlement to fees because there was "some" evidence of its fees in the record. Specifically, it cites to an affidavit it filed in 2011 which establishes that the Bank incurred $3,400 in attorney's fees for eleven hours of work.

In support of its position, the Bank points to our opinion in *Diwakar*, where we reversed a fee award that was based only on paralegal testimony. 143 So. 3d at 961. However, in doing so, we remanded for additional proceedings because, although it did not admit them into evidence, prior to trial the prevailing party filed the affidavits of its fees expert and attorney establishing the amount of fees awarded. *Id.* We explained:

> Generally, when the record on appeal is devoid of competent substantial evidence to support the attorney's fee award, the appellate court will reverse the award without remand for additional evidentiary findings. However, when the record contains some competent substantial evidence supporting the fee or cost order, yet fails to include some essential evidentiary support such as testimony from the attorney performing the services, or testimony from additional expert witnesses, the appellate court will reverse and remand the order for additional findings or an additional hearing, if necessary.

*Id.* (citations omitted) (internal quotation marks omitted).

*Diwaker* is distinguishable from the instant case because the affidavits filed in *Diwaker* constituting "some competent substantial evidence supporting the fee" order were filed right before trial and matched the amount of fees ultimately awarded. *Id.* Conversely, the affidavit relied on by the Bank was filed two years before trial and is for less than a tenth of the amount ultimately awarded. Thus, the 2011 affidavit of fees does not

support the entirely different fee award contained in the final judgment. Accordingly, we reverse the portion of the final judgment awarding the Bank its fees without an opportunity for reconsideration on remand.

*Affirmed in part and reversed in part.*

CONNER, J. and HAIMES, DAVID, Associate Judge, concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**