DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DIETER NAGL,**
Appellant,

v.

**MONIKA NAVARRO,**
Appellee.

No. 4D14-4837

[March 16, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Laura M. Watson, Judge; L.T. Case No. 13-05415 FMCE (42).

Lashawn Legair of The Legair Law Firm, P.A., Pembroke Pines, for appellant.

Jeannette Watkin of JWatkin Law, P.A., Aventura, (withdrawn as counsel after filing brief), and Monika Navarro, Hialeah, pro se.

STEVENSON, J.

Dieter Nagl, the father, appeals two final judgments awarding Monika Navarro, the mother, attorney's fees in a visitation enforcement action. The first final judgment awarded the mother $775 in attorney's fees and the second awarded her $2420. Because we are unable to discern from the face of the judgments whether there were determinations as to the reasonableness of the fee awards based on the hours expended and the hourly rate, we reverse.

The father and mother married, had a child, and divorced in Austria. The mother and child moved to Florida. Thereafter, the father petitioned for visitation, alleging the mother thwarted his attempts to visit and communicate with the child. The mother moved to dismiss the petition. The trial court granted the motion to dismiss and subsequently entered the two final judgments awarding attorney's fees to the mother. The father timely appealed.

"An award of attorney's fees must be supported by substantial competent evidence and contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved." *Diwakar v. Montecito Palm Beach Condo. Ass'n*, 143 So. 3d 958, 960 (Fla. 4th DCA) (quoting *Tutor Time Merger Corp. v. MeCabe*, 763 So. 2d 505, 506 (Fla. 4th DCA 2000)), *appeal dismissed*, 157 So. 3d 1042 (Fla. 2014). The lodestar method is an appropriate starting point in domestic relations cases. *Rosen v. Rosen*, 696 So. 2d 697, 699 (Fla. 1997). In using the lodestar method, the trial court should first determine the number of hours reasonably expended on the litigation, and then determine the reasonable hourly rate for the services. *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985).

As the reviewing court, we should be able to discern from the face of the trial court's orders whether the trial court made such determinations. *See Schwartz v. Schwartz*, 965 So. 2d 832, 833–34 (Fla. 1st DCA 2007). "'Where there is nothing in the trial court's order that allows the appellate court to discern whether . . . [the *Rowe*] factors were considered in determining a reasonable attorney's fee, a fee award simply taking the amount charged by the attorney and determining it to be reasonable is improper and an abuse of discretion.'" *Doukas v. Facilities Dev. Corp.*, 92 So. 3d 303, 304 (Fla. 4th DCA 2012) (alteration and omission in original) (quoting *Campbell v. Campbell*, 46 So. 3d 1221, 1223 (Fla. 4th DCA 2010)). We are unable to determine from the final judgments whether the trial court made the appropriate findings as to the reasonableness of the hours expended and the hourly rate.

Likewise, the trial court failed to make a finding as to entitlement. Generally, the family standard for entitlement to attorney's fees is based on a showing of need and ability to pay. However, "while need and ability to pay are the primary elements to be considered when deciding entitlement to attorney's fees in chapter 61 proceedings, they are not exclusive; a trial court may consider all the circumstances surrounding the suit." *Rosen*, 696 So. 2d at 698.

The father argues section 61.16, Florida Statutes (2013), governs here, while the mother argues section 61.535 applies. Both sections provide a different standard in determining entitlement to attorney's fees. Section 61.16 provides that, in an enforcement proceeding, the trial court may refuse to award attorney's fees to the noncompliant party if it "finds that the noncompliant party is without justification in the refusal to follow a court order." § 61.16(1), Fla. Stat. Section 61.535, which applies where a party seeks enforcement of a custody decree from another state, provides that the trial court *shall* award the prevailing party attorney's fees. §

2

61.535(1), Fla. Stat.; *see also Ledoux-Nottingham v. Downs*, 163 So. 3d 560 (Fla. 5th DCA), *review granted*, No. SC15-1037, 2015 WL 8201824 (Fla. Dec. 1, 2015).

At the trial level, the mother did not state the basis for her attorney's fees motions, and nothing in the record before us indicates under which statute the trial court made its decisions. The trial court should have made some sort of determination as to whether there was a prevailing party or whether the mother's noncompliance with visitation was justifiable, prior to awarding attorney's fees. The trial court did neither.

On remand, the trial court should determine the governing provision for the award of attorney's fees and make the necessary findings as to the reasonableness of the hours expended and the hourly rate, "tak[ing] into consideration all the circumstances surrounding the litigation." *Rosen*, 696 So. 2d at 699.

*Reversed and remanded.*

MAY and FORST, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***