NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

EDWARD K. NEWMAN,                )
                                 )
          Appellant,             )
                                 )
v.                               )          Case No. 2D14-1953
                                 )
OCWEN LOAN SERVICING, LLC,        )
                                 )
          Appellee.              )
_____  )

Opinion filed March 30, 2016.

Appeal from the Circuit Court for Pasco
County; Wayne L. Cobb, Judge.

Michael E. Rodriguez of the Foreclosure
Defense Law Firm, PL, Tampa, for
Appellant.

Michael W. Smith of Baker, Donelson,
Bearman, Caldwell & Berkowitz, PC,
Orlando, for Appellee.


SLEET, Judge.

          Edward Newman appeals the final summary judgment of foreclosure in

favor of Ocwen Loan Servicing, LLC. The parties agree that Ocwen failed to present

sufficient evidence to support the trial court's award of $2036.49 in late charges.

However, Newman claims that this deficiency created a genuine issue of material fact

and that the trial court's entry of summary judgment was therefore fundamental error. We disagree.

Newman's issue with the lack of evidence to support the awarded total for late charges alone does not warrant reversal of the entire foreclosure judgment. See, e.g., Freiman v. Nat'l City Mortg. Co., 40 Fla. L. Weekly D1634 (Fla. 4th DCA July 15, 2015) (affirming foreclosure judgment in part and reversing the unsupported award of attorney fees); Peuguero v. Bank of Am., N.A., 169 So. 3d 1198, 1204 (Fla. 4th DCA 2015) (affirming foreclosure judgment in part and reversing and remanding for a hearing on the unsupported amount of the judgment). In its concession of error, Ocwen does not request an opportunity to correct the evidentiary shortcomings with regard to its alleged late charges and instead asks that this court remand for remittitur to reduce the amount of the final judgment by $2036.49. This solution is appropriate. Therefore, we affirm the final summary judgment but reverse the trial court's award of $2036.49 for late charges. And we remand for remittitur of the final judgment in that amount.

Affirmed in part, reversed in part, and remanded with instructions.


KHOUZAM and LUCAS, JJ., Concur.