NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOEL EDWARD CHANDLER,    )
                         )
            Appellant,   )
                         )
v.                       )        Case No. 2D16-3091
                         )
KCCS, INC.,              )
                         )
            Appellee.    )
_____)

Opinion filed August 30, 2017.

Appeal from the Circuit Court for Polk
County; John M. Radabaugh, Judge.

Nathan A. Carney of Carney Law Firm,
P.A., Tampa, for Appellant.

Brant Hargrove, Tallahassee, for
Appellee.


PER CURIAM.

          Joel Chandler appeals from a final order awarding KCCS, Inc., fees

pursuant to section 57.105(1), Florida Statutes (2016).  We affirm the decision to award

sanctions but reverse as to the amount awarded.  Although there was evidence

presented at the evidentiary hearing as to the hourly rate and the reasonableness of the

fees, the only evidence detailing the work actually completed consisted of an affidavit

and related documents that were neither introduced into evidence nor stipulated to at

the hearing. The evidence was thus insufficient to support the award. See Saussy v. Saussy, 560 So. 2d 1385, 1386 (Fla. 2d DCA 1990) ("To support a fee award, there must be the following: (1) evidence detailing the services performed and (2) expert testimony as to the reasonableness of the fee." (citing Nivens v. Nivens, 312 So. 2d 201 (Fla. 2d DCA 1975))); Diwakar v. Montecito Palm Beach Condo. Ass'n, 143 So. 3d 958, 960 (Fla. 4th DCA 2014) ("Competent evidence includes invoices, records and other information detailing the services provided as well as the testimony from the attorney in support of the fee." (quoting Brewer v. Solovsky, 945 So. 2d 610, 611 (Fla. 4th DCA 2006))). Because there was some competent evidence presented to support the award, we remand for further proceedings as to the proper amount of fees. See Colson v. State Farm Bank, F.S.B., 183 So. 3d 1038, 1040 (Fla. 2d DCA 2015) ("[W]here the record includes some evidence supporting the fee . . . award, this court may remand for further proceedings."); Morton v. Heathcock, 913 So. 2d 662, 670 (Fla. 3d DCA 2005) (reversing fee award because record did "not include the essential evidentiary support" required but remanding for additional hearing because record contained "some competent substantial evidence to support a fee award"); see also Xhelaj v. McCormick 105, LLC, 42 Fla. L. Weekly D1286 (Fla. 2d DCA June 2, 2017).

Reversed and remanded.

VILLANTI, SLEET, and SALARIO, JJ., Concur.