DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WATER BRIDGE 5 ASSOCIATION, INC.,**
Appellant,

v.

**CYNTHIA DAVIS, PERRY DAVIS, "___"
DAVIS, CECIL DAVIS,**
Appellees.

No. 4D17-1494

[February 14, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. CACE14-20227.

Michael R. Bass of Michael R. Bass, P.A., Fort Lauderdale, for appellant.

No appearance for appellees.

CONNER, J.

Water Bridge 5 Association, Inc. ("the Association") appeals the final judgment awarding attorney's fees and costs in its favor, contending the award was for a lower amount than supported by the evidence. We agree with the Association's argument as to the award of attorney's fees, due to an inconsistency in the final judgment. However, due to the lack of a transcript of the hearing, we disagree with its argument as to the award of costs. Thus, we affirm in part, reverse in part, and remand with instructions.

*Background*

The case began with the Association filing a complaint against four tenants seeking injunctive relief. A clerk's default was entered against all four tenants, followed by a default final judgment. Thereafter, the Association moved for attorney's fees and costs against the four tenants, attaching to the motion an affidavit of fees and costs reflecting an hourly attorney's fee rate charge of $195 per hour and 31.7 hours of total hours expended and anticipated to be expended to complete the matter, amounting to a total of $6,181.50 in attorney's fees. In addition, the

Association sought $1,056.63 in costs. The Association also filed an affidavit of another attorney attesting to the reasonableness of the hourly rate and the hours claimed.

Subsequently, the trial court issued its final judgment awarding the Association attorney's fees and costs as to the four defaulted parties. Although the trial court's findings as to the reasonableness and amount of attorney's fees (31.7 hours at an hourly rate of $195.00) and costs were typed in the final judgment, the total amounts of fees and costs to be awarded were crossed out, with different amounts written over them by hand ($1500 for fees, instead of $6,181.50; $443.93 for costs, instead of $1,056.63). Similarly, the typed amount of the total judgment was also crossed out and corrected by hand with initials ($1500 for fees, instead of $6,181.50; $443.93 for costs, instead of $1,056.63; $1,943.93 for total judgment, instead of $7,238.13).

The Association filed a motion for rehearing, arguing that the final judgment reflected that the trial court made a finding that 31.7 hours was a reasonable number of hours spent on the case and that the hourly rate of $195 per hour for counsel was reasonable, but that the trial court's award of only $1,500.00 in fees was inconsistent with those findings. In its motion, the Association argued that nothing had been presented at the hearing contesting the amount of time expended or the hourly rate charged and that the trial court had not expressed why it was only awarding $1,500.00. The Association also argued that the trial court's award of costs of only $443.93 failed to include other reasonable and necessary costs. The trial court denied the motion for rehearing.

The Association gave notice of appeal.

*Analysis*

"[T]he award of attorney's fees is a matter committed to sound judicial discretion which will not be disturbed on appeal, absent a showing of clear abuse of discretion." *DiStefano Constr., Inc. v. Fidelity & Deposit Co. of Md.*, 597 So. 2d 248, 250 (Fla. 1992). It is well settled that "[a]n award of attorney's fees must be supported by substantial competent evidence and contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved." *Nagl v. Navarro*, 187 So. 3d 359, 361 (Fla. 4th DCA 2016) (quoting *Diwakar v. Montecito Palm Beach Condo. Ass'n*, 143 So. 3d 958, 960 (Fla. 4th DCA 2014)).

On appeal, the Association argues that the face of the final judgment reflects an error committed by the trial court, in that the findings are

inconsistent with the amount of attorney's fees awarded.  Specifically, the Association points out that the final judgment indicates that the trial court found that 31.7 hours of attorney's time was reasonably expended and that an hourly rate of $195.00 for the Association's attorney was reasonable.  Given the predicate findings, the amount of attorney's fees awarded should have amounted to $6,181.50 (31.7 hours x $195.00 = $6,181.50).  However, as discussed above, the trial court only awarded $1,500.00 in attorney's fees.  The Association argues that there is no justification for the trial court's award.

We agree with the Association's argument.  The appellate record does not contain a transcript of the fee and cost hearing.  Thus, it is unclear what the trial court's ruling at the hearing actually was.  Given the handwritten and initialed changes in the order, it is likely that the trial court indeed only found $1,500 to be a reasonable amount of attorney's fees.  It is therefore a possibility that the Association provided the trial court with its typed up proposed final judgment, and the trial court made its handwritten adjustment to the total amounts without adjusting the typed proposed findings concerning the reasonable amount of time expended and hourly rate.  As discussed below, normally, the lack of a transcript would be fatal to the Association's appeal.  However, we are able to discern error without the need of transcript.

"Under prevailing law, the trial court must make findings to substantiate a fee award and allow for meaningful review."  *Schneider v. Schneider*, 32 So. 3d 151, 155 (Fla. 4th DCA 2010).  "[A]n award of attorney's fees without adequate findings justifying the amount of the award is reversible even where the appellant has provided an inadequate record of the trial court proceedings."  *Macarty v. Macarty*, 29 So. 3d 434, 435 (Fla. 2d DCA 2010) (quoting *Esaw v. Esaw*, 965 So. 2d 1261, 1265 (Fla. 2d DCA 2007)) (reversing the award of attorney's fees because the portion of the order awarding fees was facially erroneous and remanding for the trial court to make the necessary findings).  We hold that an award of attorney's fees in an amount inconsistent with predicate findings as to the reasonable number of hours spent or the reasonable hourly rate is likewise reversible.

The Association also argues that the trial court abused its discretion in awarding it costs of only $443.93, which represents the filing fee.  The Association argues that the trial court did not award other reasonable and necessary costs such as service of progress charges, summons fees, mailing charges, costs to obtain a death certificate for one of the parties, and the cost to obtain proof of non-military service.  We note that, unlike the attorney's fees award, the issue concerning the amount of costs

awarded does not appear to involve an inconsistency within the final judgment. Rather, the Association claims that the trial court's award of costs was an abuse of discretion because it failed to include other costs which the Association deemed reasonable and necessary. However, without a transcript of the hearing, we are unable to review what evidence and arguments were brought before the trial court so as to determine whether its award of costs was an abuse of discretion.

"A trial court's ruling is presumed correct, and where no transcript is provided, the appellate court cannot determine whether the evidence supports the trial court's rulings or the court misconceived the law. Thus, failure to provide the transcript generally thwarts appellate review." *Wofford v. Wofford*, 20 So. 3d 470, 473-74 (Fla. 4th DCA 2009) (footnote omitted and internal citation omitted); s*ee also Perez v. Fay*, 198 So. 3d 681, 683 (Fla. 2d DCA 2015) (explaining that the trial court has discretion in determining the amount of costs to be allowed *based on the evidence in the record*). We have held that "[t]he appellant has the burden of making 'any reversible error clearly, definitely, and fully appear.'" *E & I, Inc. v. Excavators, Inc.*, 697 So. 2d 545, 547 (Fla. 4th DCA 1997). It is well established that "[i]n appellate proceedings, the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error." *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979). As such, given the lack of a transcript of the hearing in which evidence of costs was presumably presented, the Association has failed to demonstrate any error in the trial court's award of costs.

As discussed above, we reverse the award of attorney's fees and remand for the trial court to correct the discrepancies between the findings pertaining to the reasonableness of the time expended, the hourly rate, and the amount of attorney's fees awarded. The final judgment awarding costs is affirmed.

*Affirmed in part, reversed in part, and remanded.*

WARNER and KUNTZ, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

4