DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JORGE C. GARRIDO,**
Appellant,

v.

**PATRICIA A. GARRIDO** n/k/a **PATRICIA MARTINEZ,**
Appellee.

No. 4D17-2140

[June 6, 20108]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Alfred J. Horowitz, Judge; L.T. Case No. FMCE 07-08800.

Troy William Klein, West Palm Beach, for appellant.

No brief filed for appellee.

GERBER, C.J.

The former husband appeals from the circuit court's final judgment upon the former wife's motion for attorney's fees. The former husband raises multiple grounds, only one of which has merit. We agree with the former husband that the circuit court erred when it failed to calculate the "lodestar" for the attorney's fees award. As we stated in *Nagl v. Navarro*, 187 So. 3d 359 (Fla. 4th DCA 2016):

> An award of attorney's fees must be supported by substantial competent evidence and contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved. The lodestar method is an appropriate starting point in domestic relations cases. In using the lodestar method, the trial court should first determine the number of hours reasonably expended on the litigation, and then determine the reasonable hourly rate for the services. *Fla. Patient's Comp. Fund v. Rowe,* 472 So. 2d 1145, 1150 (Fla. 1985).

As the reviewing court, we should be able to discern from the face of the trial court's orders whether the trial court made such determinations. Where there is nothing in the trial court's order that allows the appellate court to discern whether . . . the *Rowe* factors were considered in determining a reasonable attorney's fee, a fee award simply taking the amount charged by the attorney and determining it to be reasonable is improper . . . .

*Id.* at 361 (other internal citations, quotation marks, and brackets omitted).

Based on the foregoing, we reverse the final judgment and remand for the circuit court to make the appropriate findings as to the reasonableness of the hours expended and the hourly rate. On the other grounds which the former husband raises, we affirm without further discussion.

*Affirmed in part, reversed in part, and remanded.*

GROSS and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2