DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANIEL PANSKY**,
Appellant,

v.

**VICTORIA PANSKY**,
Appellee.

No. 4D15-3940

[November 28, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy L. Bailey, Judge; L.T. Case No. 062012DR013820AXXXCE.

Troy William Klein, West Palm Beach, for appellant.

Barry S. Franklin of Barry S. Franklin & Associates, P.A., Aventura, for appellee.

KUNTZ, J.

Daniel Pansky appeals the circuit court's final order granting the Law Firm of Barry S. Franklin & Associates, P.A.'s motion for sanctions under section 57.105(1), Florida Statutes (2015). Because the record supports the court's finding that Mr. Pansky's third motion to vacate was meritless, we affirm in part. Yet we agree that the court erred when it determined the amount of fees to award the Law Firm without receiving any testimony or other evidence. Thus, we reverse in part.

"A finding that a party is entitled to recover attorney's fees under section 57.105 must be based upon substantial, competent evidence presented at the hearing on attorney's fees or otherwise before the court and in the record." *Mason v. Highlands Cty. Bd. of Cty. Comm'rs*, 817 So. 2d 922, 923 (Fla. 2d DCA 2002) (citing *Strothman v. Henderson Mental Health Ctr., Inc.*, 425 So. 2d 1185, 1185–86 (Fla. 4th DCA 1983)).

Here, the court determined the amount of sanctions to award the Law Firm based exclusively on argument of counsel. Although counsel provided a copy of certain billing records, those records were not admitted

into evidence. As a result, the billing records were not competent evidence to support the court's determination of the amount of sanctions. *See, e.g.,* *Diwakar v. Montecito Palm Beach Condo. Ass'n, Inc.*, 143 So. 3d 958, 960 (Fla. 4th DCA 2014) ("Competent evidence includes invoices, records and other information detailing the services provided as well as the testimony from the attorney in support of the fee." (quoting *Brewer v. Solovsky*, 945 So. 2d 610, 611 (Fla. 4th DCA 2006))); *Chandler v. KCCS, Inc.,* 224 So. 3d 929, 929 (Fla. 2d DCA 2017) (reversing amount of sanctions fees awarded where "the only evidence detailing the work actually completed consisted of an affidavit and related documents that were neither introduced into evidence nor stipulated to at the hearing").[1]

The court's final order is affirmed in part and reversed in part, and we remand the case for the limited purpose of holding an evidentiary hearing to determine the amount of sanctions to be awarded.

*Affirmed in part and reversed in part.*

TAYLOR and CONNER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] The Law Firm argues this issue was not properly preserved because Mr. Pansky did not object to the court's reliance on unsworn testimony as the basis for determining the amount of sanctions. This is a compelling argument. But, as Judge Gross has explained, this panel is bound to conclude that "in the absence of a stipulation, unsworn statements by the attorneys cannot be the basis for factual findings by the trial court." *Brown v. Sch. Bd. of Palm Beach Cty.*, 855 So. 2d 1267, 1270 (Fla. 4th DCA 2003) (Gross, J., concurring specially) ("It seems to me that the law should require an objection to preserve the issue for appellate review.").