DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

KEVIN J. LOFTUS and GRANT H. GIBSON,

Appellants,

v.

NATALIE CHRISTINA FAIRCHILD, as personal representative of the
Estate of William A. Fairchild a/k/a William Alfred Fairchild, deceased;
FLORIDA HOMEOWNER EQUITY and LOST PROPERTY; and U.S. BANK
NATIONAL ASSOCIATION, as trustee for BNC Mortgage Loan Trust
2006-2, Mortgage Pass-Through Certificates, Series 2006-2,

Appellees.

No. 2D2024-0090

_____

October 16, 2024

Appeal from the Circuit Court for Hillsborough County; Emily A.
Peacock, Judge.

Kevin J. Loftus, pro se.

Grant H. Gibson, pro se.

Matthew D. Weidner of Weidner Law, P.A., St. Petersburg, for Appellee
Natalie Fairchild.

No appearance for remaining Appellees.

BLACK, Judge.

Attorneys Kevin Loftus and Grant Gibson appeal from the final order awarding attorney's fees and costs to the estate of William Fairchild as sanctions pursuant to section 57.105(1), Florida Statutes (2022).[1]  Mr. Gibson and Mr. Loftus represented Florida Homeowner Equity and Lost Property, LLC (Florida HELP), at different times during the underlying action by Florida HELP for the disbursement of surplus funds following the sale of the foreclosed property that had been owned by William Fairchild.[2]  We find merit in Mr. Loftus' argument that the amount of attorney's fees awarded by the trial court is not supported by competent substantial evidence.  The order on appeal is therefore reversed to the extent it awarded $29,649 in attorney's fees and remanded for another evidentiary hearing following which the trial court must apply the dictates of *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985), when determining the appropriate amount of the fee award.[3]  Because the other issues raised by Mr. Loftus and the issues raised by

---

[1] Section 57.105(1) does not provide for an award of costs as a sanction.  *See In re Estate of Assimakopoulos*, 228 So. 3d 709, 713 (Fla. 2d DCA 2017).  However, no such objection was made below, nor has such an argument been made on appeal.

[2] The order on appeal also imposed sanctions against Florida HELP. Florida HELP appealed from the order, but then it voluntarily dismissed its appeal.

[3] In *Rowe*, the supreme court adopted the federal lodestar approach to computing reasonable attorney's fees and articulated specific guidelines to aid trial courts in determining reasonable attorney's fees. *See* 472 So. 2d at 1150-52; *see also Horowitz v. Rossdale CLE, Inc.*, 357 So. 3d 260, 262 n.1 (Fla. 5th DCA 2023) (noting that it is appropriate to use the *Rowe* guidelines to evaluate the reasonableness of attorney's fees requested pursuant to section 57.105).

Mr. Gibson either lack merit or were not preserved,[4] the order on appeal is otherwise affirmed without further comment.

Natalie Fairchild, as personal representative of the estate of William Fairchild, filed the motion for sanctions on March 29, 2023. On September 11, 2023, shortly before the start of the evidentiary hearing, Ms. Fairchild filed an affidavit of her attorney in which the attorney indicated that he "has expended, or anticipates expending, time in the amount of 85 hours at a reasonable hourly fee of $400.00 per hour." The attorney further attested in the affidavit that "[i]n consideration of the time, the expertise necessary and all other considerations required under the Code of Professional Responsibility, and appropriate statutes and case law, a reasonable fee for [his] services would be $29,649.00." No billing records were attached to the affidavit. Ms. Fairchild also filed an affidavit of attorney Glenn Goldberg, who asserted that in his professional opinion $29,649 is a reasonable fee for the services rendered by Ms. Fairchild's attorney.

---

[4] "Proper preservation of error for appellate review generally requires three components." *Aills v. Boemi*, 29 So. 3d 1105, 1108 (Fla. 2010). "First, the party must make a timely, contemporaneous objection at the time of the alleged error." *Id.* "Second, the party must state a legal ground for that objection. Third, '[i]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below.' " *Id.* (quoting *Harrell v. State*, 894 So. 2d 935, 940 (Fla. 2005)). However, a challenge to the sufficiency of the evidence supporting the fee award may be raised for the first time on appeal. *See* Fla. R. Civ. P. 1.530(e) ("In a non-jury action, the sufficiency of the evidence to support the judgment may be raised on appeal whether or not the party raising the question has made any objection thereto in the trial court or made a motion for rehearing, for new trial, or to alter or amend the judgment.").

During the evidentiary hearing, Ms. Fairchild testified that she had entered into a contract with her attorney for legal services. The hourly rate set forth in the contract is $400, and Ms. Fairchild made an initial payment of $12,500 for the retainer. Ms. Fairchild testified that she had received invoices from her attorney for the work he had performed in this case. According to Ms. Fairchild, she had been billed $29,649 for attorney's fees and planned to pay the remaining amount due, $29,649 minus the retainer, by the end of the day.

Ms. Fairchild's expert, Mr. Goldberg, also testified at the hearing and explained that he had reviewed the filings in this case dating back to 2022 as well as Ms. Fairchild's attorney's affidavit and "ledger" for the case. According to Mr. Goldberg, the ledger, which had been given to him to review on September 8, provided a description of services, the hours expended on each service, and the fee associated with each service. In response to questions posed by Mr. Loftus, Mr. Goldberg addressed some of the services performed by Ms. Fairchild's attorney. Mr. Goldberg also testified that Ms. Fairchild's attorney's $400 hourly rate and the eighty-five hours he had expended on this case since 2022 were reasonable. No other witnesses testified regarding the attorney's fees, and Ms. Fairchild did not seek to admit any evidence detailing the nature and extent of the services performed by her attorney.[5]

The trial court awarded all of the attorney's fees requested by Ms. Fairchild and apportioned the liability for the fees as follows: fifty percent to Florida HELP and fifty percent to Mr. Gibson and Mr. Loftus (jointly and severally).

---

[5] On the record before this court, it is unclear how Ms. Fairchild's attorney calculated the total amount of his fees. An hourly rate of $400 multiplied by eighty-five hours does not equate to $29,649.

An award of attorney's fees must be supported by competent substantial evidence. *See Black Point Assets, Inc. v. MCM Cap. Partners ex rel. Ventures Tr. 2013-I-H-R*, 236 So. 3d 1134, 1136 (Fla. 2d DCA 2018); *Chandler v. KCCS, Inc.*, 224 So. 3d 929, 929 (Fla. 2d DCA 2017). Not only must an expert testify as to the reasonableness of the attorney's fees, but evidence detailing the nature and extent of the services performed by the attorney must also be presented. *See Saussy v. Saussy*, 560 So. 2d 1385, 1386 (Fla. 2d DCA 1990) (citing *Nivens v. Nivens*, 312 So. 2d 201, 202 (Fla. 2d DCA 1975)); *accord Chandler*, 224 So. 3d at 929; *see also Rowe*, 472 So. 2d at 1150 ("To accurately assess the labor involved [for purposes of determining the number of hours reasonably expended on the case], the attorney fee applicant should present records detailing the amount of work performed."); *Black Point Assets*, 236 So. 3d at 1136 ("Competent evidence includes invoices, records[,] and other information detailing the services provided as well as the testimony from the attorney in support of the fee." (alteration in original) (quoting *Diwakar v. Montecito Palm Beach Condo. Ass'n*, 143 So. 3d 958, 960 (Fla. 4th DCA 2014))). Here, there was testimony presented at the evidentiary hearing as to Ms. Fairchild's attorney's hourly rate, the total amount of fees incurred by Ms. Fairchild, and the reasonableness of the rate and number of hours expended by Ms. Fairchild's attorney; there was also testimony addressing the nature of some of the services performed by Ms. Fairchild's attorney. But that testimony alone was insufficient to support the amount of the fee award. *Cf. Chandler*, 224 So. 3d at 929 ("Although there was evidence presented at the evidentiary hearing as to the hourly rate and the reasonableness of the fees, the only evidence detailing the work actually completed consisted of an affidavit and related documents that were neither introduced into evidence nor

5

stipulated to at the hearing.  The evidence was thus insufficient to support the award.").  Because there was some competent evidence presented at the September 11 evidentiary hearing, another evidentiary hearing on the amount of attorney's fees is warranted.  *See id.*

Accordingly, we affirm the order to the extent it found Mr. Loftus, Mr. Gibson, and Florida HELP liable for attorney's fees and costs as sanctions, and we affirm as to the amount of costs awarded.  But we reverse as to the amount of attorney's fees awarded and remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

VILLANTI and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.