ON MOTION FOR REHEARING

PER CURIAM.
The opinion of this court filed May 18,1994 is withdrawn and the following opinion is substituted. Appellants’ motion for rehearing, considered in light of this substituted opinion, is denied.
Plaintiffs appeal a defense verdict in a medical malpractice case, arguing that the trial court should not have permitted a treating physician, who was not disclosed by the defendants to be an expert, to testify as to his opinion based on the result of a test he ordered. His opinion, which was that the test showed that the patient had suffered an allergic reaction, went to the crux of the issue on liability, which was whether it was defendants’ negligence during the administration of anesthesia, or an allergic reaction to the anesthesia, which caused the patient to stop breathing and suffer extensive brain damage during surgery. We affirm.
The court’s pretrial order required that experts be disclosed 60 days prior to trial and that all other witnesses be disclosed 20 days prior to trial. The defendants did not name this treating physician as an expert, however both sides named him as a witness 20 days before trial.
While we do not know if the defendants were sandbagging plaintiff here, we do note that this treating physician ordered a test which he testified that he did not need or use in his treatment, but which just happened to demonstrate that an allergic reaction, not medical negligence, caused the patient’s brain damage.-
We do observe from time to time, particularly in medical malpractice cases, maneuvering which goes on to delay the disclosure of the names of experts, the lack of cooperation in setting the depositions of the experts, and the things that occur during these depositions to obstruct full disclosure. Trial courts should exercise caution in admitting undisclosed opinion evidence when it has not been properly disclosed. Excluding the testimony will not only encourage proper disclosure, but will also be less likely to constitute the type of prejudicial error which would require a new trial.
Plaintiffs’ argument on appeal, that they were surprised and unfairly prejudiced because this treating physician was not listed as an expert sixty days prior to trial, was not made in the trial court. We therefore affirm under the principle that appellate courts will not consider the propriety of the admissibility of evidence except on the grounds which were argued to the trial court. Tillman v. State, 471 So.2d 32 (Fla.1985).
We find no error in the other issues raised by plaintiffs and therefore affirm.
KLEIN and PARIENTE, JJ., concur.
WARNER, J., concurs in result only.