989 So.2d 2 (2008)
ALL CHILDREN'S HOSPITAL, INC., and Florida Birth-Related Neurological Injury Compensation Association, Appellants,
v.
DEPARTMENT OF ADMINISTRATIVE HEARINGS, Courtney Lynn Glenn, a minor, by and through Gregory H. Fisher, as court-appointed guardian of the property of Courtney Lynn Glenn, Anna Lentini, f/k/a Anna Glenn, and Christopher Glenn, individually, Appellees.
No. 2D02-1638.
District Court of Appeal of Florida, Second District.
January 16, 2008.
Rehearing Denied June 19, 2008.
C. Howard Hunter and Marie A. Borland of Hill, Ward & Henderson, P.A., Tampa, for Appellant All Children's Hospital, Inc.
*3 Kenneth J. Plante, Wilbur E. Brewton, Kelly B. Plante, and Tana Duden Storey of Roetzel & Andress, L.P.A., Tallahassee, for Appellant Florida Birth-Related Neurological Injury Compensation Association.
No Appearance for Appellee Department of Administrative Hearings.
Steven C. Ruth and Jennifer Beltz McCamey of Beltz Ruth Magazine Newman & Kohl, P.A., St. Petersburg, for Appellees Courtney Lynn Glenn and Anna Lentini.
Timothy F. Prugh and Theodore "Ted" E. Karatinos of Prugh, Holliday, Deem, & Karatinos, P.L., Tampa, for Appellee Christopher Glenn.

ON REMAND FROM THE SUPREME COURT OF FLORIDA
CANADY, Judge.
Our prior decision in this case, see All Children's Hosp., Inc. v. Dep't of Admin. Hearings, 863 So.2d 450 (Fla. 2d DCA 2004), has been quashed by the supreme court, see Fla. Birth-Related Neurological Injury Comp. Ass'n v. Fla. Div. of Admin. Hearings, 948 So.2d 705 (Fla.2007).
As more fully discussed in our prior opinion, the case arises from injuries allegedly suffered by an infant who was delivered at Bayfront Medical Center. All Children's Hospital was the employer of neonatal nurses who were provided to Bayfront under a contractual arrangement and who administered immediate postdelivery resuscitation to the infant, as well as subsequent resuscitation and other neonatal care. On remand from the supreme court, the case presents the question of whether sufficient notice was given under the Florida Birth-Related Neurological Injury Compensation Act (the Act), sections 766.301-.316, Florida Statutes (1997), for All Children's Hospital to obtain the benefit of the exclusivity of remedy provision set forth in section 766.303(2). It is undisputed that proper notice of participation was given by the delivering physician, who was a participant in the Florida Birth-Related Neurological Injury Compensation Plan (the Plan). The crucial issue is whetherassuming the infant suffered a compensable injury under the Actthe notice given by the physician was sufficient to establish All Children's entitlement to immunity from tort liability for the conduct of the neonatal nurses. The administrative law judge (ALJ) determined that the failure of Bayfront to give notice precluded All Children's from invoking the exclusive remedy provision of the Act.
The disposition of this case is controlled by this court's decision in Bayfront Medical Center, Inc. v. Fla. Birth-Related Neurological Injury Comp. Ass'n, 982 So.2d 704 (Fla. 2d DCA 2008). In Bayfront, we held that the giving of proper notice of participation in the Plan by the delivering physician was sufficient to satisfy the statutory notice requirements and that a hospital which did not employ the delivering physician was not required to provide additional notice to the patient. Under the reasoning of Bayfront, the notice given by the delivering physician in this casewho was not an employee of the hospital where the infant was deliveredwas sufficient to meet the notice requirements of the Act. We therefore conclude that the ALJ erred in holding that Bayfront's failure to give notice precluded All Children's from invoking the statutory exclusive remedy provision and being shielded from tort liability. On remand, the ALJ shall make the required determination concerning compensability under section 766.309.
The order on appeal is reversed, and the case is remanded for further proceedings consistent with this opinion.
*4 As we did in Bayfront, we certify the following question as one of great public importance:
IN LIGHT OF THE FLORIDA SUPREME COURT'S DECISION IN GALEN OF FLORIDA, INC. V. BRANIFF, 696 So.2d 308 (Fla.1997), DOES A PHYSICIAN'S PREDELIVERY NOTICE TO HIS OR HER PATIENT OF THE PLAN AND HIS OR HER PARTICIPATION IN THE PLAN SATISFY THE NOTICE REQUIREMENTS OF SECTION 766.316, FLORIDA STATUTES (1997), IF THE HOSPITAL WHERE THE DELIVERY TAKES PLACE FAILS TO PROVIDE NOTICE OF ANY KIND?
Reversed and remanded; question certified.
NORTHCUTT, C.J., and STRINGER, J., Concur.