LABARGA, J.
 

 In the case before us, petitioner Christy Aills seeks review of the decision of the Second District Court of Appeal in Aills
 
 v.
 
 
 *1107
 

 Boemi,
 
 990 So.2d 540 (Fla. 2d DCA 2008).
 
 [1]
 
 In that case, the Second District Court of Appeal reversed a judgment in favor of Aills, the patient, in a medical malpractice action against the defendant plastic surgeon, Dr. Luciano Boemi, arising out of negligence in connection with an elective surgical procedure for breast reconstruction. For reasons explained below, we find that the district court erred in reversing for a new trial on the basis of an improper argument by Aills’ counsel during closing argument. We therefore quash the decision of the Second District and remand for proceedings consistent with our decision herein.
 

 I. FACTUAL AND PROCEDURAL HISTORY
 

 Christy Aills (Aills) brought a medical malpractice action against Dr. Luciano Boemi, M.D., and Luciano Boemi, M.D., P.A. (collectively referred to as Dr. Boe-mi), after experiencing complications from elective breast surgery. Aills’ second amended complaint asserted four separate causes of action: medical negligence, battery, lack of informed consent, and fraud. The jury found Dr. Boemi liable for negligence, but found in favor of Dr. Boemi on the remaining counts. The jury’s award of compensatory damages to Aills was as follows: (1) $100,000 for past medical damages; (2) $150,000 for future medical damages; (3) $4,000,000 for past noneconomic damages; and (4) $4,000,000 for future noneconomic damages. The trial court subsequently entered a judgment on the verdict in favor of Aills and against Dr. Boemi in the amount of $8,250,000.
 

 After the trial, Dr. Boemi filed a motion requesting the entry of judgment in his favor in accordance with his prior motion for directed verdict or, in the alternative, a new trial. The trial court denied both claims for relief. Dr. Boemi also moved for a remittitur of the various awards in the jury’s verdict. The trial court granted a remittitur of the jury’s award for past medical damages from $100,000 to $81,000. The court also granted a remittitur of the jury’s award for past noneconomic damages from $4,000,000 to $750,000, and for future noneconomic damages from $4,000,000 to $1,750,000. However, the court denied a remittitur of the jury’s award for future medical damages. Aills accepted the remittitur of the past medical damages, but rejected the remittitur of the awards for noneconomic damages. Consequently, the trial court ordered a new trial on the issue of damages only. Aills appealed the trial court’s order granting a new trial on damages, and Dr. Boemi cross-appealed.
 

 In his cross-appeal, Dr. Boemi challenged the trial court’s nilings on four grounds: (1) the trial court erred in denying him a directed verdict on liability because Aills failed to establish the applicable standard of care and a subsequent breach of that standard; (2) the trial court erred in failing to grant a new trial based on remarks concerning postoperative negligence during Aills’ closing argument; (3) the trial court erred in denying him a new trial based on the admission of graphic photographic evidence depicting Aills’ condition after the initial surgery; and (4) the evidence proved insufficient to support the award of future medical expenses.
 

 On appeal, the Second District held that “the trial court did not commit error in denying Dr. Boemi’s motion for a directed verdict on liability” for negligence.
 
 Aills,
 
 990 So.2d at 546. It also held that the trial court did not abuse its discretion “in denying Dr. Boemi’s motion for new trial based on the admission of the photographs into evidence.”
 
 Id.
 
 We do not disturb the dis
 
 *1108
 
 trict court’s holdings in these respects. However, as we explain below, we conclude that the district court erred in reversing for a new trial on the basis of Dr. Boemi’s claim of improper closing argument by counsel for Aills. Because Dr. Boemi failed to advance the specific ground of objection relied upon by the district court for reversal, we conclude that it was not preserved for appellate review. We first examine the district court’s decision.
 

 II. DISCUSSION
 

 In
 
 Aills,
 
 the Second District reviewed Dr. Boemi’s claim that the trial court erred in denying his motion for new trial based on Aills’ closing argument regarding his asserted postoperative negligence.
 
 Id.
 
 at 546. The district court observed that during closing argument, Dr. Boemi’s counsel objected when Aills’ counsel began to argue that Dr. Boemi failed to provide Aills with appropriate postoperative care.
 
 Id.
 
 at 544. The district court summarized the parties’ arguments as follows:
 

 At a sidebar conference, Dr. Boemi’s counsel explained that opposing counsel’s remarks were improper because of the absence of any basis in the record “that the postoperative care was negligent” and “that it would have made a difference.” Ms. Aills’ counsel responded that his remarks were “fair comment” because “we have already put on testimony ... that the entire thing that this doctor did caused her to have her harm.” The trial court overruled the objection.
 

 Id.
 
 at 544.
 

 The district court’s review of the pleadings, arguments, and witness testimony led it to conclude that the issue of postoperative negligence had neither been pled in the complaint nor tried by consent. Therefore, the district court concluded that Aills’ closing argument was improper and that the trial court abused its discretion in failing to grant Dr. Boemi a new trial on all issues.
 
 Id.
 
 at 547-48, 550.
 
 [2]
 

 The question before us is whether the district court erred in reversing the trial court’s judgment on a ground that we find from the record was not presented to the trial court and thus not preserved for appellate review. Because this is a question of law arising from undisputed facts, the standard of review is de novo.
 
 See Kirton v. Fields,
 
 997 So.2d 349, 352 (Fla.2008);
 
 see also D'Angelo v. Fitzmaurice,
 
 863 So.2d 311, 314 (Fla.2003) (stating that the standard of review for pure questions of law is de novo). To resolve this issue, we must consider the principles of error preservation, the objection at issue, and the basis for the district court’s reversal.
 

 Proper preservation of error for appellate review generally requires three components. First, the party must make a timely, contemporaneous objection at the time of the alleged error.
 
 See Overton v. State,
 
 976 So.2d 536, 547 (Fla.2007);
 
 Harrell v. State,
 
 894 So.2d 935, 940 (Fla.2005). “Second, the party must state a legal ground for that objection. Third, ‘[i]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below.’ ”
 
 Harrell,
 
 894 So.2d at 940 (quoting
 
 Steinhorst v. State,
 
 412 So.2d 332, 338 (Fla.1982));
 
 see also
 
 
 *1109
 

 Sunset Harbour Condo. Ass’n v. Robbins,
 
 914 So.2d 925, 928 (Fla.2005) (“In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.” (quoting
 
 Tillman v. State,
 
 471 So.2d 32, 35 (Fla.1985))). While no magic words are required to make a proper objection, we reiterate here that the concern articulated in the objection must be sufficiently specific to inform the court of the perceived error.
 
 Williams v. State,
 
 414 So.2d 509, 511-12 (Fla.1982);
 
 Castor v. State,
 
 365 So.2d 701, 703 (Fla.1978) (“[A]n objection must be sufficiently specific both to apprise the trial judge of the putative error and to preserve the issue for intelligent review on appeal.”). We turn now to the question of whether Dr. Boemi’s articulated concern was sufficiently specific to inform the trial court of the perceived error, and to do so, we look to the undisputed facts found in the record.
 

 During closing argument, Aills’ counsel began to argue that Dr. Boemi failed to provide appropriate postoperative care to Aills. Dr. Boemi’s counsel immediately objected to this line of argument. At a sidebar conference, Dr. Boemi’s counsel explained that the closing remarks made by Aills’ counsel were improper because “[t]o argue that the postoperative care was negligent and that there was evidence to support that it would have made a difference, there’s no basis in the record.” The trial court overruled Dr. Boemi’s objection and Aills’ counsel proceeded to describe the consequences of Dr. Boemi’s postoperative negligence.
 

 Dr. Boemi argues that the district court correctly determined from the record that postoperative negligence had not been raised at the trial level, i.e., that the theory of postoperative negligence was neither pled in the complaint nor tried by consent, and, consequently, Aills’ closing argument concerning postoperative negligence was improper. The district court found the statement made by Dr. Boemi’s counsel during the sidebar conference “that opposing counsel’s remarks were improper because of the absence of any basis in the record ‘that postoperative care was negligent’ and ‘that it would have made a difference,’ ” 990 So.2d at 544, to have sufficiently asserted the legal grounds for his objection with the specificity required by law. We disagree.
 

 “[T]o be preserved for appeal, ‘the specific legal ground upon which a claim is based must be raised at trial and a claim different than that will not be heard on appeal.’ ”
 
 Chamberlain v. State,
 
 881 So.2d 1087, 1100 (Fla.2004) (quoting
 
 Spann v. State,
 
 857 So.2d 845, 852 (Fla.2003)). Appellate review is therefore limited to the specific grounds for objection raised at trial.
 
 Lynx Transp. v. Atkinson,
 
 720 So.2d 600, 600-01 (Fla. 5th DCA 1998);
 
 Clock v. Clock,
 
 649 So.2d 312, 315 (Fla. 3d DCA 1995);
 
 Wilson v. Health Trust, Inc.,
 
 640 So.2d 93, 94 (Fla. 4th DCA 1994). Except in cases of fundamental error, an appellate court cannot consider any ground for objection not presented to the trial court.
 
 See Steinhorst,
 
 412 So.2d at 338;
 
 see also Smith v. State,
 
 7 So.3d 473, 496 (Fla.2009) (holding that claims based on grounds not objected to at trial cannot be considered on appeal) (citing
 
 Steinhorst,
 
 412 So.2d at 338);
 
 City of Orlando v. Birmingham,
 
 539 So.2d 1133, 1135 (Fla.1989) (holding that an appellate court cannot consider an issue that was not preserved for appellate review).
 

 Here, Dr. Boemi’s objection did not articulate his concern that postoperative negligence had not been pled or tried with the requisite specificity to inform the trial
 
 *1110
 
 court of the perceived error. Rather, we find that his objection to the closing remarks was directed solely at the insufficiency of the evidence. Accordingly, we conclude that the district court erred in reversing for a new trial on the basis of grounds not presented before the trial court.
 

 Based on the foregoing, we quash the decision of the district court and remand the case to the Second District for proceedings consistent herewith. On remand, the district court should address the following issues which were raised on appeal but not reached by the district court: (1) Aills’ challenge to the trial court order for a remittitur of the past and future noneco-nomic damages awards; and, (2) Dr. Boe-mf s objections to the award of future medical expenses.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, and PERRY, JJ., concur.
 

 [1]
 

 . We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
 

 [2]
 

 . The district court found that the theory of postoperative negligence was neither pled in Aills' second amended complaint nor tried by consent and held that the "two-issue” rule was inapplicable.
 
 Id.
 
 at 549-50. Because we find these grounds were not preserved for review, and are quashing the district court's ruling and remanding it for further proceedings, we need not address the question of the "two-issue” rule.