ON REMAND FROM THE SUPREME COURT OF FLORIDA
 

 NORTHCUTT, Judge.
 

 This case previously was before us on appeal from a proceeding under the Florida Birth-Related Neurological Injury Compensation Act (NICA).
 
 All Children’s Hosp., Inc. v. Dep’t of Admin. Hearings,
 
 863 So.2d 450 (Fla. 2d DCA 2004). The supreme court quashed our decision and remanded,
 
 Fla. Birth-Related Neurological Injury Comp. Ass’n v. Fla. Div. of Admin. Hearings,
 
 948 So.2d 705 (Fla.2007), whereupon we rendered another decision in the case,
 
 All Children’s Hosp., Inc. v. Dep’t of Admin. Hearings,
 
 989 So.2d 2 (Fla. 2d DCA 2008). The supreme court has quashed our second decision, as well, and again it has remanded the case to us for further consideration.
 
 Fla. Birth-Related Neurological Injury Comp. Ass’n v. Dep’t of Admin. Hearings,
 
 29 So.3d 992 (Fla.2010).
 

 This litigation began when Gregory and Anna Glenn filed suit seeking damages for severe injuries suffered by their daughter during labor or birth or shortly thereafter. The Glenns sued and eventually settled with the obstetrician who delivered the child, his professional partnership, and Bayfront Hospital, where the child was born. The suit proceeded against the remaining defendant, All Children’s Hospital, the employer of the neonatal nurses who attended the child just after her birth.
 

 All Children’s asserted that it was immune from tort liability under NICA, section 766.303(2), Florida Statutes (1997), and that the Glenns’ exclusive remedy was to pursue a claim against the Florida Birth-Related Neurological Injury Compensation Plan. Accordingly, the circuit court abated the lawsuit to permit the Glenns to obtain an administrative determination as to whether their child had suffered a compensable injury under NICA. The NICA proceeding produced a holding by the administrative law judge that the Glenns had not received notice of the defendants’ participation in the plan sufficient to deprive the Glenns of their right to sue in tort.
 
 See Galen of Fla., Inc. v. Braniff,
 
 696 So.2d 308, 311 (Fla.1997) (holding that giving the statutory NICA notice is a condition precedent to immunity from tort liability). Having held that the Glenns’ remedies were not limited to making a NICA claim, and the Glenns declaring their intention to proceed with their lawsuit in circuit court, the administrative law judge forwent determining whether the child’s injury was compensa-ble under NICA.
 

 The NICA notice requirement is set forth in section 766.316. It provides that each physician who participates in the plan and each hospital with plan participants on its staff must give notice to their obstetrical patients explaining the plan, its limitations, and the patients’ rights under it.
 
 *672
 
 The administrative law judge reasoned that all medical providers involved in an event giving rise to a NICA-compensable injury must have complied with then* respective statutory notice obligations, else none of them enjoy immunity from tort liability. In this case, the obstetrician was required to give notice of his participation in the plan, and he did. Bayfront, a hospital with plan participants on its staff, was also obliged to give notice, but it did not. All Children’s, which does not offer obstetrical services and therefore has no plan participants on its staff, was not required to give notice. Nevertheless, because Bayfront failed to give the notice required of it, the administrative law judge held that All Children’s could not invoke NICA immunity. In our most recent decision in the case, we took the opposite position, reasoning that the giving of notice by a single provider was sufficient to immunize all of them from tort liability. Thus, we held that the obstetrician’s notice was sufficient to immunize All Children’s notwithstanding that Bayfront had failed to give its required notice.
 
 All Children’s Hosp.,
 
 989 So.2d at 3.
 

 When quashing our last decision, the supreme court determined that both the administrative law judge’s reasoning and ours were flawed.
 
 Fla. Birth-Related Neurological Injury Comp. Ass’n,
 
 29 So.3d at 999. The NICA notice requirements are severable, the court wrote. Whereas a provider that has given a required notice under NICA is shielded from tort liability, a provider that has failed to give a required notice is not so immunized. The court held that if one of several providers has failed to give a required notice of its participation in the plan, the plaintiff may choose to (1) accept NICA remedies and forgo any tort action against any provider involved in the labor or delivery, or (2) pursue a tort action only against the provider who failed to give the notice required of it and forgo any NICA remedies altogether.
 
 Id.
 

 Under a pure application of the supreme court’s ruling, the Glenns could not sue All Children’s in tort for a NICA-compensable injury because All Children’s did not fail to give a required notice. However, the supreme court has tendered two additional issues for our consideration.
 

 The Glenns argue that All Children’s does not have NICA immunity because it is an agent of Bayfront and that, consequently, Bayfront’s failure to provide notice is imputed to All Children’s. In the alternative, the Glenns argue that All Children’s is not immune from civil suit because the injuries claimed against All Children’s did not occur during labor, delivery, or immediate post resusci-tative efforts. Because the Glenns’ additional arguments for All Children’s lack of immunity have not been addressed at the Second District, we remand for consideration of these issues.
 

 Fla. Birth-Related Neurological Injury Comp. Ass’n,
 
 29 So.3d at 1000.
 

 Neither of the remanded issues had been presented to us theretofore. As mentioned, the administrative law judge did not decide whether the injuries at issue are compensable under NICA. Therefore, we have had no occasion to review any such decision, and of course, the fact-finding necessary to resolve the issue is beyond our purview.
 

 The other matter remanded for our consideration — the Glenns’ contention that Bayfront’s failure to give notice must be imputed to All Children’s because they were in an agency relationship — also is entirely new to us. It has never been briefed in this court. Indeed, All Children’s maintains that the Glenns never advanced this position in the proceedings
 
 *673
 
 below. Our examination of the record on appeal confirms this.
 

 We are confident that, when remanding the agency issue to us, the supreme court was mindful that we may base our decision only on arguments that were preserved in the lower tribunal.
 
 See Aills v. Boemi,
 
 29 So.3d 1105 (Fla.2010). For this reason, we may not affirm the administrative law judge’s order on the basis of the agency theory advanced for the first time in the supreme court. Thus, we limit our consideration of the matter to the observations made above, and as regards this issue we leave the parties to their own devices on remand.
 

 The order of the administrative law judge under review is reversed. We express no opinion on either issue remanded to us in
 
 Florida Birth-Related Neurological Injury Compensation Ass’n v. Department of Administrative Hearings,
 
 29 So.3d 992 (Fla.2010), and we remand for further proceedings consistent with that decision.
 

 Reversed and remanded.
 

 ALTENBERND and WHATLEY, JJ., Concur.
 
 [1]