FORST, J.
Appellant Marcia Weiser appeals a non-final order of the trial court granting in part Appellee Lawrence Taube’s Amended Motion to Ratify Distributions and Other Relief, which required Appellant to return $15,200 to the guardianship of her mother. For reasons stated below, we affirm.
Lawrence Taube was the former plenary guardian of Appellant’s mother before Appellant and her brother, Appellee Sandy Weiser, became co-guardians in January 2018. In an effort to complete his duties as guardian, Taube prepared and filed a final report, including a final accounting. Taube then filed an Amended Motion to Ratify Distributions and Other Relief pursuant to the Office of Clerk and Comptroller’s (OCC) request. That request sought approval of expenditures and disbursements, including $15,200 in transfers from one guardianship account to another titled in the names of Appellant and her mother. No claim was presented in the motion that the $15,200 was used for any purpose other than for the care of Appellant’s mother, and the motion went unopposed.
In addressing the $15,200 in transfers at the hearing on the motion, Taube noted that Appellant transferred the funds pursuant to a prior court order requiring a discretionary and a non-discretionary account to be kept by the guardianship. Taube further explained that, although the OCC viewed the transfers as compensation to Appellant as the mother’s caregiver, his records show that the funds were not used as payment to Appellant personally, but appeared to be solely for the care of her mother. Throughout the hearing, the trial court took issue with the way large amounts of money were spent on items and doctors that were deemed to be of questionable benefit to the mother. After hearing arguments, the trial court ordered that the entire $15,200 be put back into the guardianship account from which it was initially taken.
The trial court later issued an order on Taube’s motion, denying in part and granting in part his requests to ratify certain distributions and expenditures. With respect to the matter at hand, the trial court ruled, “Marcia Weiser is directed to return $15,200.00 to the existing Guardianship account within ten (10) days from the date of this Order.” Appellant now appeals this mandate in the order.
Appellant argues that the trial court denied her due process when it ordered relief (return of the transferred funds) that had not been requested in the motion. As this argument has not been preserved for review, reversal is only proper if the trial court’s ruling constitutes *547 fundamental error. See Aills v. Boemi, 29 So.3d 1105, 1108-09 (Fla.2010). Fundamental error occurs when the error goes “to the heart of a trial and vitiate[s] its fairness .... ” Grau v. Branham, 761 So.2d 375, 378 (Fla. 4th DCA 2000).
Upon review of the record, we conclude there was no fundamental error. Appellant was clearly put on notice that the issue of the $15,200 would be discussed at the hearing (as the transfer of these funds was specifically referenced in the Amended Motion to Ratify Distributions and Other Relief). The request for relief asked for approval of the expenditures and “any other relief the court deems appropriate and just.” Taube noted at the beginning of the hearing that the $15,200 was one of the two “items that were of concern to the auditor.” The attorney for one of the appellees stated that his client believed Appellant used all or a portion of the $15,200 for her own benefit and not the benefit of the ward. Although Appellant was an active participant in the hearing, neither she nor her attorney specifically objected to the ruling with respect to the $15,200. Appellant was on notice and given an opportunity to be heard. There was no due process violation; consequently, there was no fundamental error.

Affirmed.

DAMOORGIAN, C.J., and MAY, J„ concur.