IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WILLIAM EDWARD BUBB,

      Appellant,

 v.                               Case No. 5D16-1778

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 11, 2017

Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

James S. Purdy, Public Defender, and
Andrew C. Mich, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Samuel A. Perrone,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      After a jury trial, William Bubb was convicted of sexual battery on a person less than twelve years of age and lewd or lascivious molestation. On appeal, he argues that the trial court violated his Sixth Amendment[1] right of confrontation by permitting the

---

[1] Amend. VI, U.S. Const.

victim's Child Protection Team ("CPT") interview video to be admitted into evidence after the child took the witness stand but refused to testify. We affirm. This alleged error was not preserved below. *See Aills v. Boemi*, 29 So. 3d 1105, 1109 (Fla. 2010) ("While no magic words are required to make a proper objection, . . . the concern articulated in the objection must be sufficiently specific to inform the court of the perceived error." (citations omitted)); *Mungin v. State*, 932 So. 2d 986, 1003 (Fla. 2006) (holding appellant's confrontation issue unpreserved for appeal).

We further conclude that any error in the admission of the CPT interview video would not have been fundamental. Indeed, as to the sexual battery charge, any error would have been harmless given: (1) Bubb admitted in a post-arrest interview that he had penetrated the child's vagina with his penis; (2) similar out-of-court statements from the victim were admitted without objection through the testimony of the nurse examiner; (3) forensic evidence established the existence of semen in the victim's underwear; and (4) immediately after the events in question, a witness observed that Bubb was "red, sweaty, and very nervous," and the witness was told by the victim, who was walking awkwardly, that her "Cindy" (a term the family used for vagina) had been touched.

AFFIRMED.

EVANDER, BERGER and WALLIS, JJ., concur.