# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D17-2094

_____

MAGNOLIA FLORIDA TAX
CERTIFICATES, LLC, a Florida
limited liability company, et al.,

    Appellants/Cross-Appellees,

v.

FLORIDA DEPARTMENT OF
REVENUE, et al.,

    Appellees/Cross-Appellants.

_____

On appeal from the Circuit Court for Leon County.
Terry P. Lewis, Judge.

June 22, 2018

PER CURIAM.

In this appeal and cross-appeal from a summary final judgment, three issues have been raised for our consideration: (1) whether the trial court erred in entering summary judgment against Appellants on count II of their complaint challenging the deposit requirement imposed upon bidders for tax certificates in Broward, Miami-Dade, and Orange Counties; (2) whether the trial court erred in entering summary judgment against Appellants on count III of their complaint challenging the affidavit requirement imposed upon bidders for tax certificates in Broward County; and (3) whether the trial court erred in denying a motion to abate the

proceedings until Appellants/Cross-Appellees complied with the registration requirements of the Fictitious Name Act. We affirm as to the third issue without further discussion. We also affirm as to the first and second issues for the reasons that follow.

In challenging the imposition of a separate deposit upon each of their general partnerships bidding for tax certificates, Appellants' initial brief advances the following arguments: (1) the deposit is unreasonable because it exceeds the amount necessary to recoup readvertising costs; (2) the deposit is inefficient because it requires the tax collector's office to reissue refunds of large sums; (3) the deposit is contrary to legislative intent because it discourages open competition and participation in auctions; and (4) the trial court misinterpreted section 197.432(7), Florida Statutes, by failing to consider that a third-party surety is permitted to post a deposit on behalf of bidders that is calculated based upon a percentage of the bidding group's expected purchases. Appellants failed to preserve any of these arguments, which were not raised below. *See Aills v. Boemi*, 29 So. 3d 1105, 1109 (Fla. 2010) (holding that the specific legal ground upon which a claim is based must be raised at trial and a claim different than that will not be heard on appeal); *Sunset Harbour Condo. Ass'n v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005) (holding that an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation if it is to be considered preserved); *Adkison v. Morey,* 43 Fla. L. Weekly D550 (Fla. 1st DCA Mar. 8, 2018) (holding that the argument made on appeal was waived because it was never presented to the trial court). Because we cannot address these arguments for the first time on appeal, we affirm the summary judgment against Appellants on count II of their complaint.

In challenging the pre-bidding documentation required by Broward County insofar as it requires all business entities—as opposed to natural persons—to provide an affidavit concerning certain information about the entity, including its name, the type of entity, its state of origin, and information concerning its employer identification number (EIN), Appellants assert that such a requirement is not authorized by section 197.432, Florida Statutes. However, Broward County is a charter county that has the power to "enact county ordinances not inconsistent with

general law." Art. VIII, § 1(g), Fla. Const. A local government enactment is inconsistent with state law if it directly conflicts with a state statute or if the legislature has preempted a particular subject area. *Sarasota Alliance for Fair Elections, Inc. v. Browning*, 28 So. 3d 880, 886 (Fla. 2010). Although section 197.432 provides general procedures for tax certificate sales, it does not specify how tax collectors are to ascertain the identities of bidders or set out what information may be requested of bidders. Accordingly, it cannot be said that the affidavit requirement imposed in Broward County is inconsistent with any provision of section 197.432. Moreover, there is nothing in the language of section 197.432 that expressly or impliedly preempts Broward County from imposing an affidavit requirement to ascertain or verify the identity of bidders at tax certificate sales. Accordingly, the trial court correctly concluded as a matter of law that Broward County had discretion to impose an affidavit requirement on bidders in order to carry out its statutory duty to conduct tax certificate sales.

To the extent Appellants claim that the affidavit requirement is contrary to legislative intent and discriminates against non-natural persons, these claims are without merit. There is nothing in section 197.432 expressing an intent to allow business entities to use hundreds of thousands of "shell" bidders to gain an unfair advantage at tax certificate sales. Moreover, Appellants have failed to demonstrate that the disparate treatment between natural and non-natural persons is improper. A constitutional challenge that does not involve a fundamental right or suspect classification is evaluated under the rational basis test, which merely requires the existence of a conceivably rational basis for the enacting governmental body to believe that the challenged legislation would further a legitimate governmental purpose. *WCI Communities, Inc. v. City of Coral Springs*, 885 So. 2d 912, 914 (Fla. 4th DCA 2004). Here, Broward County's affidavit requirement helps ensure that all bidders are bona fide business organizations created under the laws of some state and not sham entities using names made up for the sole purpose of manipulating the lottery selection process to resolve tie bids. Requiring each bidder to identify itself and attest that it did not obtain its EIN for the purpose of gaining advantage in a tax certificate sale in contravention of Internal Revenue Service directives is rationally

related to the county's legitimate interest in ensuring the fairness of tax certificate sales. Accordingly, we affirm the summary judgment entered against Appellants on count III of their complaint.

AFFIRMED.

LEWIS, ROBERTS, and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Douglas Manson and William S. Bilenky of Manson Bolves Donaldson Varn, P.A., Tampa, for Appellants/Cross-Appellees.

John A. Tucker, IV, of Foley & Lardner LLP, Jacksonville; Robert H. Hosay, James A. McKee, and Benjamin J. Grossman of Foley & Lardner LLP, Tallahassee, for Appellee Anne M. Gannon, Palm Beach County Tax Collector.

Vanessa Thomas of Forman, Hanratty, Thomas & Montgomery, Ocala, for Appellee George Albright, Marion County Tax Collector.

Andrew J. Meyers, Broward County Attorney; Mark A. Journey, Scott Andron, and Joseph K. Jarone, Assistant County Attorneys, Fort Lauderdale, for Appellee Broward County.

Douglas C. Spears and Benjamin C. Iseman of Swann Hadley Stump Dietrich & Spears, P.A., Winter Park, for Appellee Scott Randolph as Orange County Tax Collector.

Abigail Price-Williams, Miami-Dade County Attorney, and Ileana Cruz, Assistant County Attorney, Miami, for Appellee/Cross-Appellant Marcus Saiz De La Mora, Miami-Dade County Tax Collector.

4

Timothy R. Qualls of Young Qualls, P.A., Tallahassee, for remaining Appellee Tax Collectors.