DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BEVERLY A. ELLIS** and **FREDERICK J. ELLIS,**
Appellants,

v.

**U.S. BANK TRUST, N.A.,** as Trustee for LSF9 Master Participation Trust,
Appellee.

No. 4D17-2127

[June 23, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 2010CA000241.

Amanda L. Mollica and Kendrick Almaguer of The Ticktin Law Group, Deerfield Beach, for appellants.

David Rosenberg, Cynthia L. Comras and Jarrett Cooper of Robertson, Anschutz & Schneid, P.L., Boca Raton, for appellee.

### *ON REMAND FROM THE SUPREME COURT OF FLORIDA*

GERBER, J.

The borrowers appeal from the trial court's order denying the borrowers' motion to tax costs and attorney's fees.

In our original opinion – *Ellis v. U.S. Bank Trust, N.A.*, 255 So. 3d 389 (Fla. 4th DCA 2018) ("*Ellis I*") – we affirmed the trial court's order denying the borrowers' motion for attorney's fees pursuant to *Nationstar Mortgage LLC v. Glass,* 219 So. 3d 896, 899 (Fla. 4th DCA 2017) ("A party that prevails on its argument that dismissal is required because the plaintiff lacked standing to sue upon the contract cannot recover fees based upon a provision in that same contract."). *Ellis I*, 255 So. 3d at 390. We also affirmed the trial court's order denying the borrowers' motion for taxable costs because the borrowers did not preserve this request by evidence or argument at the hearing on the motion. *Id.* (citing *Aills v. Boemi*, 29 So. 3d 1105, 1110 (Fla. 2010) ("To be preserved for appeal, the specific legal ground upon which a claim is based must be raised at trial and a claim different than that will not be heard on appeal.") (alterations omitted)).

However, in *Ellis v. U.S. Bank Trust, N.A.*, SC18-1973, 2021 WL 2182343 (Fla. May 28, 2021) ("*Ellis II*"), our supreme court quashed *Ellis I*, and remanded the matter to us for reconsideration in light of our supreme court's decision in *Page v. Deutsche Bank Trust Company Americas*, 308 So. 3d 953 (Fla. 2020).

In *Page*, our supreme court abrogated *Glass*, and held that a contract's unilateral attorney's fee provision became reciprocal to a borrower under section 57.105(7), Florida Statutes (2019), when the borrower had prevailed in a foreclosure action in which the plaintiff had established standing at the time of trial but not at the time suit was filed. *Page*, 308 So. 3d at 958-60.

Based on *Page*'s holding abrogating *Glass*, we now reverse the trial court's order denying the borrowers' motion for attorney's fees in the instant case. We remand for the trial court to enter an order granting the borrowers' entitlement to attorney's fees, and to hold an evidentiary hearing to determine the awarded amount.

Because *Page* did not relate to the ground upon which we affirmed the trial court's order denying the borrowers' motion for taxable costs (lack of preservation), that portion of the trial court's order remains affirmed.

*Affirmed in part, reversed in part, and remanded with instructions.*

LEVINE, C.J., and KLINGENSMITH, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2