# Third District Court of Appeal

## State of Florida

Opinion filed September 13, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-918
Lower Tribunal No. 20-7595 CC

_____

**R. Donahue Peebles, et al.,**
Appellants,

vs.

**GrassMasters Property Management, Inc.,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Elijah A. Levitt, Judge.

Armstrong Teasdale LLP, Glen H. Waldman, and Marlon Weiss, for appellants.

Halpern Rodriguez, LLP, Marc A. Halpern, and Priscilla S. Zaldivar, for appellee.


Before FERNANDEZ, SCALES and BOKOR, JJ.

FERNANDEZ, J.

R. Donahue "Don" Peebles and Katrina Peebles appeal the trial court's order of final judgment entered in favor of Grassmasters Property Management, Inc. ("Grassmasters"). We reverse in part and remand the judgment as to Katrina Peebles and affirm as to all other issues without further discussion.

On October 27, 2015, Don Peebles and Grassmasters entered into a contract where Grassmasters agreed to perform landscape services on a residential property owned by Don and his wife Katrina for a total cost of $48,600 per year. Katrina did not execute the contract. The agreement gave Don the right to terminate in the event of nonperformance upon seven days written notice.

In September 2017, Hurricane Irma hit South Florida causing damage to the Peebles's property. Grassmasters claims that despite its performance of work outside the scope of reoccurring maintenance to address hurricane damage on the Peebles's property, the Peebles did not pay Grassmasters for its services performed between November 2017 through January 2018. Don contends that he was dissatisfied with the services performed under the contract and terminated the agreement on January 23, 2018

On April 21, 2022, Grassmasters brought suit against the Peebles for failure to pay its invoices. Grassmasters sued Don for breach of contract,

account stated, open account, and unjust enrichment. Grassmasters sued Katrina separately for unjust enrichment among other counts. Don filed a countersuit for breach of contract for deficient performance. A nonjury trial was held on February 11, 2022 and April 8, 2022.

The trial court entered a verdict in favor of Grassmasters and against Don for breach of contract, account stated, and open account. As to unjust enrichment, the trial court determined that Grassmasters had an adequate remedy at law and ruled in favor of Don. Nevertheless, the trial court found against Katrina for overlapping damages on a theory of unjust enrichment. On Don's counterclaim, the trial court entered judgment in favor of Grassmasters. The trial court entered final judgment on April 27, 2022, finding Don and Katrina, jointly and severally liable.

Don and Katrina filed a motion for rehearing arguing, among other points, that unjust enrichment was legally unavailable as to Katrina Peebles due to the availability of contractual relief. The trial court denied the motion. This appeal followed.

We review *de novo* a claim of unjust enrichment. Aills v. Boemi, 29 So. 3d 1105, 1108 (Fla. 2010).

Because an express contract existed between Grassmasters and Don, the trial court erred in granting Grassmasters recovery in equity against

Katrina, a non-party to the contact, under the theory of unjust enrichment concerning the same subject matter of the contract. Doral Collision Ctr., Inc. v. Daimler Tr., 341 So. 3d 424, 430 (Fla. 3d DCA 2022) ("[T]he existence of a valid legal remedy against one party will bar recovery in equity against another party." (quoting H. Hugh McConnell, Distinguishing Quantum Merit and Unjust Enrichment in the Construction Setting, March 1997 Fla. B.J., at 88–89)); see also Miracle Ctr. Dev. Corp. v. M.A.D. Const., Inc., 662 So. 2d 1288, 1290 (Fla. 3d DCA 1995) ("[S]eeking to enforce an express contract while attempting the same purpose [in equity] is incongruous."); Real Estate Value Co. v. Carnival Corp., 92 So. 3d 255, 263 n.2 (Fla. 3d DCA 2012) ("We acknowledge the well settled principle that 'the law will not imply a contract where an express contract exists concerning the same subject matter." (quoting Kovtan v. Frederiksen, 449 So. 2d 1, 1 (Fla. 2d DCA 1984)).

The trial court relied on Agritrade, LP v Quercia, 253 So. 3d 28 (Fla. 3d DCA 2017), to find against Katrina on the theory of unjust enrichment. We find this case inapplicable and distinguishable. In Agritrade, this Court found "the existence of an express contract between Quercia and LP did not bar Agro Supply's unjust enrichment claim against LP." Id. at 35. Agro Supply was the plaintiff and a non-party to the contract. Therefore, it was proper for Agro Supply to bring an unjust enrichment claim against LP as Agro Supply

4

had no remedy under the contract. In contrast, Katrina instead is the defendant and a non-party to the contract. Grassmasters, as plaintiff and party to the contract, has a legal remedy under the contract available through its breach of contract action against Don, defendant and party to the contract. Doral Collision and Agritrade make clear that in such a scenario, the plaintiff cannot gain equitable relief through a claim against a defendant and a nonparty to the contract concerning the same subject matter found in the express contract.

Accordingly, we reverse in part and remand the trial court's order of final judgment as to Katrina Peebles and affirm as to all other issues without further discussion.

Affirmed in part; reversed in part and remanded.

BOKOR, J., specially concurring.

I agree that based on the facts presented, no claim for unjust enrichment exists. I've previously explained that this court has incorrectly imposed a limitation on unjust enrichment claims under certain circumstances, not present here. See CFLB Partnership, LLC v. Diamond Blue Int'l, Inc., 2022 WL 19864624 (Fla. 3d DCA Nov. 21, 2022) (Bokor, J., dissenting from denial of rehearing en banc). I believe the law permits an unjust enrichment claim against a third party, notwithstanding the existence of a contract, where the contracted party acts as an intermediary for unjustly enriching and directly benefiting the third party. See id., see also In re Takata Airbag Prods. Liability Litig., 462 F. Supp. 3d 1304,1328 (S.D. Fla. 2020); Weinberg v. Advanced Data Processing, Inc., 147 F. Supp. 3d 1359, 1368 (S.D. Fla. 2015) ("[T]he 'direct benefit' element of an unjust enrichment claim may be satisfied where a benefit is conferred through an intermediary. In other words, a direct benefit can derive from a transaction with no direct contact."). But this isn't a pass-through situation directly benefitting a third party. So even if the court were to adopt my position, an unjust enrichment claim wouldn't lie against a spouse, not a party to the landscape services contract, for nebulous (at best, indirect) benefits conferred by a freshly cut lawn.