# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2024-2804
_____

STATE OF FLORIDA, ex rel.,
DOUGLAS CHERTOK,

     Appellant,

     v.

ZILLOW, INC., a Washington
corporation,

     Appellee.

_____

On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

March 18, 2026

BILBREY, J.

Douglas Chertok sued Zillow, Inc., purporting to represent the State of Florida's interests in unclaimed property held by Zillow. After conducting discovery, both parties moved for summary judgment. The trial court granted summary final judgment for Zillow on four grounds. We agree that the trial court was correct to grant summary judgment for Zillow, affirm the final judgment in full, and write to explain two of the grounds upon which the trial court based summary judgment.

## Background

Chertok and a company he founded, Vast Ventures, LLC, were stockholders in NMD Interactive, Inc., a Delaware corporation. In August 2013 Zillow acquired NMD under a merger agreement. Unlike other stockholders, Chertok did not vote to approve the merger. At the time of the merger, Chertok resided in New York and Vast was a New York LLC.

Under the merger agreement, NMD stockholders were entitled to payments of a merger consideration and dividends if they surrendered a certificate of cancellation of their shares of stock and executed a letter of transmittal. Chertok and Vast declined to sign letters of transmittal under the merger agreement between NMD and Zillow, instead insisting on payment of funds under NMD's Delaware certificate of incorporation.

Zillow negotiated with Chertok and Vast on various occasions between 2013 and 2019. Zillow offered to remove the condition that these stockholders sign releases and letters of transmittal to receive their payments under the merger agreement. But Chertok and Vast rejected Zillow's offers to settle and persisted in demanding payment under the NMD Delaware certificate of incorporation. In September 2018 Chertok signed and filed Florida articles of incorporation for Vast Ventures, LLC, creating a Florida LLC. In May 2019 Vast in Delaware merged with and into Vast in Florida.

Chertok and Vast then sued Zillow in Delaware state court in October 2019, seeking payment for the merger consideration, dividends, and interest they alleged Zillow owed them under NMD's Delaware certificate of incorporation. The Delaware case, alleging a breach of contract, was dismissed as time barred. *Chertok v. Zillow, Inc.*, No. CV 2019-0849-LWW, 2021 WL 4851816, at *3 (Del. Ch. Oct. 18, 2021), *aff'd,* 277 A. 3d 1258 (Del. 2022).

Two months after the Delaware Supreme Court affirmed the dismissal of the Delaware breach of contract action, Chertok brought the action that is the subject of this appeal under the Florida False Claims Act and the Florida Unclaimed Property Act. *See* §§ 68.081–092, 717.001–1401, Fla. Stat. (2022). As allowed by

section 68.084(3), Florida Statutes, the Florida Department of Legal Affairs filed its notice of election not to proceed, disclaiming its right to conduct the litigation. Chertok was then permitted by law to continue with the action on behalf of the State. *See id.*

The parties stipulated to Chertok amending the complaint. In the amended complaint, Chertok stated that he was the relator for the State of Florida under section 68.083(2), Florida Statutes, and a resident of Broward County, Florida. Chertok alleged a single count — that Zillow violated the False Claims Act by holding unclaimed funds consisting of the merger considerations and dividends from the 2013 merger of NMD into Zillow. Chertok alleged that these funds were due under NMD's certificate of incorporation, not under the merger agreement between NMD and Zillow.

In the amended complaint, Chertok alleged that Zillow "committed a fraud upon the State of Florida" in violation of the False Claims Act and the Unclaimed Property Act. These Acts were allegedly violated by "Zillow knowingly concealing and avoiding its obligation to report and pay the Unclaimed Funds to the State in violation of the Unclaimed Property Act."[1] Chertok alleged that he and Vast were "entitled to their merger consideration . . . and dividends . . . plus interest on the unpaid Merger Consideration and Dividends . . . under NMD's Certificate of Incorporation." Chertok alleged that "the Merger Agreement is irrelevant to Zillow's obligation to pay the Unclaimed Funds to Chertok and Vast."

Chertok further alleged in the Amended Complaint that the funds became payable to himself and Vast in 2013, but they did not claim the funds for five years between 2013 and 2018. Thus, according to Chertok the funds were "unclaimed funds" under section 717.102, Florida Statutes. And Chertok alleged, under section 717.119, Florida Statutes, Zillow was obligated to pay those

---

[1] Because we are affirming the summary judgment on the grounds set forth by the trial court, we offer no opinion whether such allegations that seek recovery by combining False Claims Act and Unclaimed Property Act state a cause of action.

unclaimed funds to the State of Florida as of May 1, 2019, and had failed to do so.

Chertok demanded a judgment against Zillow for at least $38,889,000 in unclaimed funds, penalties, and interest. And because Chertok alleged that Zillow knowingly committed fraud upon the State of Florida by concealing and avoiding its obligation to pay the State, Chertok claimed that Zillow was liable for treble damages under section 68.082(2), Florida Statutes, amounting to "at least $116,667,000 plus a civil penalty of $11,000" under those statutes. For himself, Chertok requested "an amount available under section 68.085(2), for 30 percent of the total damages . . . of this action or settlement of this action."

Zillow then filed its answer and affirmative defenses, and the parties conducted discovery. Zillow moved for summary judgment and amended its motion. Chertok moved for partial summary judgment.

After a hearing, the trial court granted summary judgment for Zillow in a detailed final judgment. The court based its grant on four grounds. First, the trial court held that Chertok and Vast had no right to any property under the NMD certificate. The latest time to make such a claim was December 2016 per the Delaware courts' decisions. Second, even if Chertok and Vast could make a claim for the property, the property was not presumed unclaimed under the Florida Disposition of Unclaimed Property Act, sections 717.001 through 717.1401, Florida Statutes, because of communication by Chertok and Vast with Zillow about the property. Third, even if wrong about the first and second grounds, the property was not subject to be delivered to the State of Florida such that section 68.082(2)(d) and (g) of the Florida False Claim Act applied because Chertok and Vast were not Florida residents at the material time. And fourth, even if wrong about all the other grounds to grant summary judgment, Chertok and Vast's actions related to the property destroyed any presumption that it was unclaimed property.

After the trial court denied his motion for rehearing, Chertok brought this appeal.

4

## Standard of Review

A grant of summary judgment is reviewed de novo. *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury" or whether it is so one-sided that one party must prevail as a matter of law. *In re Amendments to Fla. R. Civ. P. 1.510*, 317 So. 3d 72, 75 (Fla. 2021) (citation omitted). "If the moving party presents evidence sufficient to support the claimed nonexistence of a material issue, the opposing party must come forward with counter-evidence sufficient to reveal a genuine issue of material fact." *Garback v. Gayle*, 312 So. 3d 1286, 1288 (Fla. 1st DCA 2021) (citations omitted). The nonmovant cannot "merely . . . assert that an issue does exist." *Id.* (citation omitted). Rather, "[i]f the opposing party fails to come forward with competent counter-evidence, the moving party is entitled to summary judgment." *Id.* (citations omitted).

## Law

As explained below, we affirm the trial court's grant of summary judgment in full and discuss the first and second grounds for the trial court's summary judgment.

The trial court first held that Chertok and Vast had no right to any property under the NMD certificate of incorporation due to the expiration of the statute of limitations. Chertok and Vast had sued Zillow in Delaware in October 2019 asserting that they were entitled to recover from Zillow under the NMD certificate. The Delaware Court of Chancery determined that any cause of action on the NMD certificate accrued at the latest in "December 2013 when their remaining appraisal rights expired." *Chertok*, No. CV 2019-0849-LWW, 2021 WL 4851816, at *7. Since the statute of limitation in Delaware for a breach of contract action is only three years, any limitation period ran by December 2016. *Id.* So, according to the Delaware Court of Chancery, the Delaware action to recover under the NMD certificate was time barred and no grounds were present to toll the statute of limitations. *Id.*

Based on this determination from the Delaware Court of Chancery, the trial court held that Chertok and Vast could not

5

assert any ownership interest in any unclaimed property. The trial court noted section 95.10, Florida Statutes, that states, "When the cause of action arose in another state or territory of the United States, or in a foreign country, and its laws forbid the maintenance of the action because of lapse of time, no action shall be maintained in this state." In granting summary judgment the trial court correctly found that "any claim Appellants had under the Delaware Certificate expired in December 2016, more than two years before Chertok contends the funds should have been escheated to the State of Florida."

On appeal, Chertok argues that in addition to being owed funds under the NMD certificate of incorporation, he and Vast are entitled to funds under the merger agreement between NMD and Zillow. But Chertok's claim before the trial court was based only on the merger consideration, dividends, and interest alleged to be owned under the NMD certificate. Chertok's Amended Complaint alleged that he and Vast were entitled to merger consideration under "NMD's purported Amended and Restated Certificate of Incorporation filed by NMD on August 30, 2006." He also claimed dividends that NMD supposedly issued before closing on the merger with Zillow. As noted above, he specifically alleged that the merger agreement between NMD and Zillow was irrelevant to Zillow's obligation to pay under the NMD certificate.

"A litigant seeking to overturn a lower court's judgment may not rely on one line of argument in the trial court and then pursue a different line of argument in the appellate courts." *Sanchez v. Miami-Dade Cnty.*, 286 So. 3d 191, 195 (Fla. 2019). Instead, barring fundamental error, "'[a]ppellate review is therefore limited to the specific grounds' argued in the lower tribunal." *Id.* (quoting *Aills v. Boemi*, 29 So. 3d 1105, 1109 (Fla. 2010)). Chertok's attempt to revise his basis for recovery this late in the proceedings must fail.

As to the second ground used to grant summary judgment for Zillow, Chertok contends that the trial court erred in determining that the property at issue was not presumed unclaimed. He argues

6

that section 717.102(1), Florida Statutes (2022) applies.[2] That subsection states:

> All intangible property, including any income or increment thereon less any lawful charges, that is held, issued, or owing in the ordinary course of the holder's business and the owner fails to claim such property for more than 5 years after the property becomes payable or distributable is presumed unclaimed, except as otherwise provided by this chapter.

But the trial court instead correctly applied section 717.1101(1)(a), Florida Statutes, that creates a presumption that "[s]tock or other equity interest in a business association is presumed unclaimed" three years after various triggering events. Section 717.1101(2) then provides in part:

> The running of such 3-year period ceases if the person:
>
> (a)1. Communicates in writing with the association or its agent regarding the interest or a dividend, distribution, or other sum payable as a result of the interest; or
>
> 2. Otherwise communicates with the association regarding the interest or a dividend, distribution, or other sum payable as a result of the interest, as evidenced by a memorandum or

---

[2] The Florida Unclaimed Property Act including section 717.102 was substantially amended in 2024. *See* Ch. 2024-140, § 40, Laws of Fla. Those amendments include how the presumption that the property is unclaimed can be rebutted. *Id.* But the amendment does not apply here. *See Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1358 (Fla. 1994) (citations omitted) ("A substantive statute is presumed to operate prospectively rather than retrospectively unless the Legislature clearly expresses its intent that the statute is to operate retrospectively.").

other record on file with the association or its agent.

The trial court found that "Beginning with the 2013 Merger and continuing thereafter, Chertok and Vast engaged in a series of communications in writing with Zillow seeking payment of dividends and distributions purportedly due Chertok and Vast." Starting in October 2013, Chertok and his then attorney undertook communications with Zillow in an attempt to settle Chertok and Vast's claims. Chertok again communicated with Zillow in June 2015. More importantly, Chertok communicated with Zillow from July to October 2019 regarding his claims and those of Vast. *See Chertok*, 2021 WL 4851816, at *4. In those communications settlement offers were exchanged but the parties ultimately were unable to reach a resolution. The Delaware litigation then commenced in October 2019.

Therefore, if any money was owed by Zillow to Chertok or Vast, it was never presumed unclaimed. And if the money was not presumed unclaimed, there was no obligation for Zillow to file a report on unclaimed property or deliver the money to the State. *See* §§ 717.117(1), 717.119(1), Fla. Stat. Lastly, without an obligation by Zillow to deliver the money alleged to be owed to the State, there was no violation of the False Claims Act, so there was no action that could have been brought under that Act. *See* §§ 68.082–.083, Fla. Stat. As a result, the trial court was correct to grant summary judgment based on any monies owed not being unclaimed.

## Conclusion

Since the trial court's grant of summary final judgment was correct, the summary final judgment in favor of Zillow is AFFIRMED.

OSTERHAUS, C.J., and LONG,[3] J., concur.

---

[3] Judge Long was substituted for an original panel member in this proceeding after oral argument.

8

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Joseph W. Jacquot, George S. LeMieux, Jonathan K. Osborne, and Derek K. Mountford of Gunster, Yoakley & Stewart, P.A., Jacksonville, for Appellant.

D. Ty Jackson of Holland & Knight LLP, Tallahassee; Jason Unger of GrayRobinson, P.A., Tallahassee, for Appellee.