# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-1283
Lower Tribunal No. 2020CA-001832
_____

UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY,

Appellant/Cross-Appellee,

v.

SCOTT LIBERATORE and CATHY KNOBLOCK,

Appellees/Cross-Appellants.

_____

Appeal from the Circuit Court for Polk County.
Ellen S. Masters, Judge.

April 2, 2026

BROWNLEE, J.

Universal Property & Casualty Insurance Company appeals a final judgment in favor of its insureds, Appellees/Cross-Appellants Scott Liberatore and Cathy Knoblock ("the insureds"), after a jury trial in this first-party insurance dispute arising from property damage after a plumbing leak. On appeal, Universal argues the trial court erred in instructing the jury that structural fill under the home was "part of the dwelling and/or a material used in the construction of the home." Universal argues the instruction was erroneous both because it amounted to an

unnoticed mid-trial summary judgment, and because it invaded the province of the jury on a disputed issue of fact concerning the nature of structural fill.

We cannot reach the merits of this issue and affirm on preservation grounds because Universal never made these arguments to the trial court. *See Aills v. Boemi*, 29 So. 3d 1105, 1109 (Fla. 2010) ("[T]o be preserved for appeal, 'the specific legal ground upon which a claim is based must be raised at trial and a claim different than that will not be heard on appeal.'" (quoting *Chamberlain v. State*, 881 So. 2d 1087, 1100 (Fla. 2004))).

First, Universal argues the trial court erred in instructing the jury that the structural fill was part of the dwelling and/or a material used in its construction, because it contends this was the equivalent of an unnoticed mid-trial summary judgment ruling in the insured's favor. But Universal never objected to the lower court's considering the issue at that particular stage of the proceedings, nor did it ever argue that choosing the insured's proposed instruction concerning the structural fill amounted to an unnoticed summary judgment. Even when the trial court itself later characterized the ruling as akin to a summary judgment, thereby potentially alerting the parties to that issue, Universal never objected to the instruction on that basis. Thus, this argument is not preserved for our review. *See Aills*, 29 So. 3d at 1109.

Second, Universal argues on appeal that the nature of the structural fill was a factual dispute for the jury, rather than an issue that could be resolved by the trial court. It argues this issue should have come down to a battle of the experts as to whether the structural fill was part of the dwelling and/or a construction material that was covered under the policy, or whether the fill was merely "dirt" that the jury could conclude was "land" and therefore not covered.[1] But the trial court identified this issue before it ruled and asked the parties directly whether this was a factual issue to be resolved by the jury. And when it did so, Universal stood silent. The trial court then sought clarification as to whether this was an issue of law, but again, Universal said nothing. The insureds, however, urged the trial court that it was indeed an issue of law. Thus, Universal neither objected nor tried to correct the trial court's understanding of the issue. Having failed to do so, it did not preserve this contention for our review. *See, e.g.*, *Klein v. Manville*, 363 So. 3d 1163, 1170 (Fla. 6th DCA 2023) ("[T]o preserve an issue for appeal, the issue 'must be presented to the lower court and the specific legal argument or grounds to be argued on appeal must be part of that presentation.'" (quoting *Bryant v. State*, 901 So. 2d 810, 822 (Fla. 2005))).

---

[1] Curiously, Universal does not argue that the structural fill was in fact land and therefore not covered by the policy. That is, Universal does not argue the trial court's finding that the structural fill was part of the dwelling was erroneous.

Apparently recognizing that the arguments raised on appeal were never raised below, Universal also argues the trial court's jury-instruction ruling constitutes fundamental error. *See Ortiz v. Sangalang*, 425 So. 3d 793, 793 (Fla. 6th DCA 2025) (quoting *Aills*, 29 So. 3d at 1109 ("Except in cases of fundamental error, an appellate court cannot consider any ground for objection not presented to the trial court.")). But our "discretion concerning fundamental error" is to be exercised "very guardedly." *Sanford v. Rubin*, 237 So. 2d 134, 137 (Fla. 1970). We find an error fundamental only when it "goes to the foundation of the case or the merits of the cause of action," *id.*, or when it "involves an egregious deprivation of a constitutional right," *Terant v. Beltway Cap., LLC*, 147 So. 3d 1103, 1105 (Fla. 3d DCA 2014). On this record, we find no fundamental error. Accordingly, we affirm.

Finally, we dismiss the insureds' cross-appeal concerning their entitlement to the replacement cost value, rather than actual cost value, of their loss. Because they expressly conditioned their cross-appeal on reversal of the final judgment, which we affirm, the cross-appeal is dismissed. *See Universal Prop. & Cas. Ins. Co. v. Montgomery*, 51 Fla. L. Weekly D427, D427 (Fla. 6th DCA Mar. 6, 2026) (citing *R.J. Reynolds Tobacco Co. v. Brown*, 286 So. 3d 877 (Fla. 5th DCA 2019)).

AFFIRMED; CROSS-APPEAL DISMISSED.

NARDELLA and GANNAM, JJ., concur.

4

David A. Noel, Kara Rockenbach Link, and Daniel M. Schwarz, of Link & Rockenbach, P.A., West Palm Beach, for Appellant/Cross-Appellee.

Mark A. Nation, of The Nation Law Firm, Longwood, for Appellees/Cross-Appellants.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED