731 So.2d 797 (1999)
CITY OF BELLE GLADE, Appellant,
v.
Kamara WOODSON, Appellee.
No. 97-3158.
District Court of Appeal of Florida, Fourth District.
April 21, 1999.
Jonathan M. Matzner, and Robert H. Schwartz of Adorno & Zeder, P.A., Fort Lauderdale, for appellant.
Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., J. Mark Maynor of Law Offices of Mark Maynor, P.A., West Palm Beach, and Michael Lewis of Gary, Williams, Parenti, Finney, Watson & Sperando, Stuart, for appellee.
PER CURIAM.
This suit for wrongful death and personal injury arose out of a shooting which occurred on the premises of the City of Belle Glade's Municipal Civic Center where a large crowd of youths had gathered to attend an unauthorized dance. On this appeal from the judgment entered on a jury verdict for the plaintiffs, the City asserts error in denial of its motions for directed verdict and remittitur. We affirm.
The basis of the plaintiffs' suit was that the City breached its duty to properly maintain and operate its Civic Center as a place of public entertainment by failing to provide adequate security for the teen dance when the City knew from past experience that such dances were dangerous events generally involving disorderly conduct. It is, and was, the City's position, however, that enforcing the law and protecting public safety is a Category II governmental function as analyzed in Trianon Park Condominium Ass'n, Inc. v. City of Hialeah, 468 So.2d 912 (Fla.1985), for which the City has sovereign immunity as a matter of law.
*798 We agree with the plaintiffs that the City, in maintaining and operating the Civic Center, falls within the Trianon Park Category III. Thus, it does not enjoy sovereign immunity but rather has the same common law duty as a private person to properly maintain and operate the property. That having been said, the denial of the City's motion for directed verdict was not error, the evidence being legally sufficient to support the elements of the plaintiffs' cause of action.
The City also argues that the verdicts were excessive and the court erred in not granting its motion for a remittitur. The verdicts were not itemized. Because the plaintiffs sought mental pain and suffering as an element of their damages, we cannot say that the court abused its discretion in denying defendant's motion for a remittitur.
AFFIRMED.
FARMER, TAYLOR, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTE: FARMER, J., did not participate in oral argument, but has had the opportunity to review the entire proceedings.