# Supreme Court of Florida

_____

No. SC18-793
_____

**CHRISTOPHER SANCHEZ,**
Petitioner,

vs.

**MIAMI-DADE COUNTY,**
Respondent.

December 19, 2019

PER CURIAM.

Petitioner, Christopher Sanchez, brought a "negligent security" claim against Respondent, Miami-Dade County (the County), after being shot and injured at a birthday party hosted at one of the County's public parks (the Park). He seeks review of *Sanchez v. Miami-Dade County*, 245 So. 3d 933, 934 (Fla. 3d DCA 2018), in which the Third District Court of Appeal concluded that his claim was barred by sovereign immunity. *Sanchez* explained that Petitioner's claim was predicated on the County's alleged failure to "allocat[e] off-duty police officers" to the birthday party and that sovereign immunity "protects [the County's] policy and planning decisions about where to allocate its limited police resources." *Id.* at 944.

Recognizing that sovereign immunity may bar an action even where a duty exists, *Sanchez* reached its holding irrespective of any duty owed to Petitioner by the County. *See id.* at 943 n.4 ("[D]uty is not an issue here.").

This Court granted jurisdiction on the ground that *Sanchez* expressly and directly conflicts with the Fourth District Court of Appeal's decision in *City of Belle Glade v. Woodson*, 731 So. 2d 797 (Fla. 4th DCA 1999), on the question of whether the existence of a duty renders sovereign immunity inapplicable. *See* art. V, § 3(b)(3), Fla. Const. *Woodson* concluded that sovereign immunity did not shield a city from a personal injury and wrongful death suit in which the plaintiffs alleged that the city "fail[ed] to provide adequate security" for a dance that took place on the premises of the city's civic center. *Woodson*, 731 So. 2d at 797. *Woodson* specifically reasoned that sovereign immunity was inapplicable because the city had "the same common law duty as a private person to properly maintain and operate the property." *Id.* at 798.

Having heard oral argument, we dismiss Petitioner's petition for review and decline to reach the merits of *Sanchez*. We do so for two reasons. First, the conflict issue here—i.e., the merging of duty and sovereign immunity—has already been resolved by this Court in opinions issued after the Fourth District's decision in *Woodson*. Those opinions make clear that duty and sovereign immunity are not to be conflated. Second, Petitioner argues to this Court a new theory of liability,

and this Court is not a forum for adjudicating matters that were not presented below. Before more fully addressing these two reasons for dismissal, we review the background of the case and the Third District's decision below.

**Background**

Petitioner and another individual, Noel Pozos, were shot and injured at the same party hosted at the Park. The Park contains a shelter that the County rented to the party host for the party. According to the Park's rental rules and regulations, the party host—for what turned out to be the size and nature of the party—was required to obtain a broadcast permit from the County and hire off-duty police officers. The party host instead hired private security guards and did not obtain any permits. The only County employee in attendance was a park service aide whose responsibilities were largely to keep the area clean.

Petitioner and Pozos filed separate negligent security suits against the County alleging that the County "negligently failed to allocate off-duty police officers as security to protect the partygoers." *Sanchez*, 245 So. 3d at 934. In both cases, the County moved for summary judgment, arguing in relevant part that the claim was barred by sovereign immunity. *Id.*

In Pozos's case, the trial court summarily denied the County's summary judgment motion, the County appealed, and the Third District dismissed the appeal as a jurisdictional matter after determining that the trial court's "unelaborated

- 3 -

order" was "a nonfinal, nonappealable order." *Miami-Dade County v. Pozos*, 242 So. 3d 1152, 1152-53 (Fla. 3d DCA 2017), *discretionary review proceeding stayed*, No. SC18-1118 (Fla. July 19, 2018). Judge Rothenberg dissented in *Pozos*, arguing that the Third District had jurisdiction and that sovereign immunity clearly barred the claim because "the County's actions" involved "a discretionary planning and/or policy decision . . . regarding where and how to deploy its available manpower (sworn police officers)." *Id.* at 1158, 1165-66 (Rothenberg, J., dissenting).

In Petitioner's case, the trial court granted the County's summary judgment motion, and the Third District in *Sanchez* affirmed. *Sanchez* specifically "agree[d] with and adopt[ed] the portion of Chief Judge Rothenberg's *Pozos* dissent concluding under the facts of this case that the county had sovereign immunity." *Sanchez*, 245 So. 3d at 934. The *Sanchez* majority then separately addressed two points raised by Judge Salter in his *Sanchez* dissent, namely: (1) the nature of Petitioner's claim, and (2) the applicability of *Woodson*.

Regarding Petitioner's claim, the *Sanchez* majority rejected Judge Salter's conclusion that Petitioner challenged "violations of the park employees' operational duties to keep track of the number of party-goers, verify security measures, and shut down parties if they spiral out of control." *Id.* at 939. After

looking to Petitioner's own words and those of his counsel, the *Sanchez* majority summed up:

> Sanchez's claim, as distilled by the time it got to this court, was not about failing to close the park by dark or having no-trespass signs. His claim was not about park employees violating their duties to keep track of party-goers and shut the party down after it got too large. Sanchez's claim was for negligent security. The county, according to Sanchez, was required to provide off-duty police officers at parties like this one, and did not. According to Sanchez's security expert, it was foreseeable that there would be criminal activity at the party, but it could have been avoided had the county provided the off-duty officers.

*Id.* at 940.

Regarding *Woodson*, the *Sanchez* majority rejected the applicability of that case, explaining in part that *Woodson* "conflated its discussion of duty with its determination of sovereign immunity" and that this Court has since "warned that one does not necessarily follow the other." *Id.* at 942.

**Conflict Jurisdiction**

After further consideration, we conclude that the conflict issue here is a dead issue that has been resolved by this Court in previous opinions. We further conclude that this case does not present any compelling reason for us to revive and readdress the issue.

As the *Sanchez* majority itself recognized, this Court has already clarified that duty and sovereign immunity are conceptually distinct such that the existence of the former does not render the latter inapplicable. *Id.* In *Pollock v. Florida*

*Department of Highway Patrol*, 882 So. 2d 928, 933 (Fla. 2004) (citation omitted), this Court explained that "if a duty of care is owed, it must then be determined whether sovereign immunity bars an action for an alleged breach of that duty. In making this assessment, it is necessary to ascertain the character of the allegedly negligent governmental act or omission." And in *Wallace v. Dean*, 3 So. 3d 1035, 1044-45 (Fla. 2009) (footnotes omitted) (citations omitted), this Court stated:

> When addressing the issue of governmental liability under Florida law, we have repeatedly recognized that a duty analysis is *conceptually distinct* from any later inquiry regarding whether the governmental entity remains sovereignly immune from suit notwithstanding the legislative waiver present in section 768.28, Florida Statutes. Under traditional principles of tort law, the absence of a duty of care between the defendant and the plaintiff results in *a lack of liability*, *not* application of immunity from suit. Conversely, sovereign immunity may shield the government from an action in its courts (i.e., a lack of subject-matter jurisdiction) even when the State may otherwise be liable to an injured party for its tortious conduct.

Indeed, *Wallace* accepted conflict jurisdiction in that case in part because "the decision below improperly conflated the separate questions of duty and sovereign immunity." *Id.* at 1040.

In short, this Court's opinions have rendered obsolete the Fourth District's reasoning in *Woodson* that the existence of a duty renders sovereign immunity inapplicable. But even if this case otherwise presented a live conflict in need of resolution, dismissal would nevertheless be warranted because the theory of liability Petitioner presents to this Court is one he never presented below.

**Petitioner's New Theory of Liability**

Petitioner does not challenge the Third District's specific holding. Rather, he asserts that the Third District "mischaracterize[d]" his claim as one that sought "to hold the COUNTY liable for failing to allocate police resources." In his briefs to this Court, Petitioner at bottom argues that the Park's rules and regulations required the party host to hire off-duty police officers and that the County negligently failed to monitor and enforce its rules and the rental agreement by allowing the party to go forward with only private security guards in place. Petitioner essentially tracks the dissenting opinion below in which Judge Salter characterized Petitioner's claim as one that challenged the County's failure "to monitor and enforce the agreement." *Sanchez*, 245 So. 3d at 947 n.9 (Salter, J., dissenting). But the *Sanchez* majority aptly explained why that was "not Sanchez's claim." *Sanchez*, 245 So. 3d at 941 n.3; *see id.* at 939-40. The record supports the *Sanchez* majority's characterization of Petitioner's claim.

Even assuming Petitioner originally intended for his claim to be treated as one that challenged the County's alleged failure to monitor and enforce something, a review of the record reveals that Petitioner in that event repeatedly and inexplicably failed to clarify the nature of his claim even though the County and the lower courts all viewed his claim in the specific context of one that challenged the County's allocation of police resources. Petitioner failed to do so at the

summary judgment hearing even though the County expressly argued to the trial judge that Petitioner was "questioning the deployment decision here." Petitioner again failed to do so in his initial brief to the Third District even though the trial court in its order granting summary judgment not only described Petitioner's claim as one that challenged the County's purported failure "to provide police officers at a birthday party at a public park" but also repeatedly used some form of the terms "provide," "station," "allocate," or "deploy." Petitioner obviously long ago abandoned—assuming he initially presented—any argument that he was challenging something other than a deployment decision.

In the end, Petitioner presents this Court with a new theory of liability and fails to make any argument why he should survive summary judgment on the claim that was actually litigated below. Petitioner thus has changed horses in midstream. That doesn't work. A litigant seeking to overturn a lower court's judgment may not rely on one line of argument in the trial court and then pursue a different line of argument in the appellate courts. Absent fundamental error, arguments must be preserved to be heard in appellate proceedings. "Appellate review is therefore limited to the specific grounds" argued in the lower tribunal. *Aills v. Boemi*, 29 So. 3d 1105, 1109 (Fla. 2010). A prerequisite for prevailing on an argument in this Court is that the same argument was presented in both the trial court and the district court. Accordingly, dismissal is warranted.

## Conclusion

We dismiss Petitioner's petition for review.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

      Third District - Case No. 3D16-959

      (Miami-Dade County)

Ronald D. Rodman and Stephanie Vega Graves of Friedman, Rodman & Frank, P.A., Miami, Florida; and Pamela Beckham and Robert J. Beckham, Jr., of Beckham & Beckham, P.A., Miami, Florida,

      for Petitioner

Abigail Price-Williams, Miami-Dade County Attorney, and Joni A. Mosely and Erica S. Zaron, Assistant County Attorneys, Miami, Florida,

      for Respondent